■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO LOPEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered April 18, 1985, convicting him of murder in the second degree, attempted murder in the second degree (two counts), and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial of the defendant's pro se application to withdraw his plea and for assignment of new counsel.

Ordered that the judgment is affirmed.

In the defendant's pro se written motion the defendant's claims of coercion at the plea allocution by his attorney and the inadequacy of counsel are unsubstantiated. The defendant was no stranger to the criminal justice system. In an earlier case, he had participated in a felony plea bargain, where he was represented by the same attorney. In this case, the defendant admitted that his initial claim of self-defense was false. He had an adequate opportunity not only to present all his claims orally, but to renew his previously waived defense of justification. No further inquiry was needed as to his claim of intoxication in light of the detailed allocution of his crime at the time of the plea and the expansion of those details at sentencing.

The only issue presented to the court on the pro se applica-

tion was the defendant's credibility *(see, People v Dixon,* 29 NY2d 55, 56). The defendant's true concern was dissatisfaction with the bargain he had struck *(see, People v Morris,* 118 AD2d 595), but a review of the entire plea record reveals the plea to have been proper *(see, People v Harris,* 61 NY2d 9).

Under these circumstances, the decision of the court was informed and prudent *(see, People v Frederick,* 45 NY2d 520; *People v Tinsley,* 35 NY2d 926; *People v Stubbs,* 110 AD2d 725, 726-728). Brown, J. P., Rubin, Kooper and Sullivan, JJ., concur.