■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT H. WALKER, Appellant. [644 NYS2d 368] —Mikoll, J.

Defendant was indicted by a Grand Jury in a 38-count indictment charging, among other crimes, six counts of rape in the first degree, eight counts of sodomy in the first degree, two counts of sexual abuse in the first degree, five counts of coercion in the first degree, three counts of menacing in the second degree, two counts of aggravated harassment in the second degree, three counts of burglary in the first degree and four counts of robbery in the first degree. Defendant was arraigned on the indictment on August 18, 1993 and entered a plea of not guilty to each count thereof. Pretrial proceedings were held including a *Huntley* hearing to determine the voluntariness of a written statement given by defendant at the time of his arrest.

On May 10, 1994, County Court held a *Sandoval* hearing at which the People stated for the record that defendant had been offered a sentence of 10 to 20 years' incarceration as a second felony offender in exchange for his plea of guilty in satisfaction of the indictment. Defendant refused the offer. However, prior to jury selection and at defense counsel's request, the court informed defendant of the possible sentence he would be exposed to if convicted of some or all of the charges.

A recess was taken in the proceedings for defendant to talk with his attorney. Defendant then accepted the plea offer and subsequently entered a plea of guilty to rape in the first degree (counts 1 and 4 of the indictment) and to robbery in the first degree (count 31 of the indictment). Defendant responded affirmatively to an extensive plea colloquy conducted by County Court. Sentencing was then scheduled for May 24, 1994. Subsequently, defendant moved to withdraw his plea on the ground that it was coerced by statements of the court. On August 2, 1994 County Court heard the motion, at which time defendant addressed the court on the issue. The court then remarked that it had read the transcript of the proceedings and had merely expressed to defendant the potential exposure he faced under the indictment. County Court found that the plea was knowingly, voluntarily and intelligently entered and denied the motion. Defendant was then sentenced in accordance with the plea bargain. This appeal ensued.

The conviction should be affirmed. Defendant had an extensive prior criminal involvement and was not a stranger to the criminal justice system. The record reveals that defendant freely, knowingly and intelligently entered his plea of guilty to a negotiated plea on the advice of his attorney rather than proceed to trial (*see, People v Batts*, 179 AD2d 937; *People*

v *Minor*, 143 AD2d 146, *lv denied* 72 NY2d 1048; *People v Lopez*, 126 AD2d 749). The record indicates that County Court merely informed defendant of the possible exposure he faced depending on whether the jury found him guilty of some or all of the crimes charged. Further, County Court then gave defendant the opportunity to confer further with his defense counsel. The atmosphere was not coercive.

We find no merit to defendant's argument that defendant must be resentenced because the allocution requirement of CPL 380.50 was not complied with at sentencing on August 2, 1994 in that defendant was not specifically asked whether he wished to make a statement. Here, there was substantial compliance with the statute (*see, People v McClain*, 35 NY2d 483, 491, *cert denied sub nom. Taylor v New York*, 423 US 852). Defense counsel was given an opportunity to address County Court on the argument of the motion to withdraw defendant's plea immediately before sentence was pronounced, defendant had addressed the court on his motion to withdraw his plea and defendant was given an opportunity to add to the record after the sentence was imposed.

We find no merit to defendant's claims that he was arrested without probable cause and that County Court improperly restricted cross-examination of a police officer as to an accomplice's written statement during his *Huntley* suppression hearing. Defendant was implicated in the crimes charged in the prior sworn statement of a codefendant, Campus Johnson, given to police. Thus, probable cause existed at the time for defendant's arrest (*see, People v Berzups*, 49 NY2d 417, 424, 427; *People v Scherifi*, 147 AD2d 663, 663-664, *lv denied* 74 NY2d 795; *People v Green*, 118 AD2d 802, 803). County Court's restriction of the cross-examination of a police investigator as to the contents of Johnson's statement that had been shown to defendant during police interrogation was within County Court's discretion. The showing did not involve any deceptive conduct by the police and was not coercive (*see, People v Vaughn*, 134 AD2d 789, 790). As the purpose of the pretrial hearing was to determine if the statement given by defendant was coerced, its content was not relevant at the hearing.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the judgment is affirmed.