■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARL AHLERS, Appellant. [781 NYS2d 797]—

Lahtinen, J. Appeal from an order of the County Court of Ulster County (Bruhn, J.), rendered October 1, 2002, which classified defendant as a risk level III sex offender and a sexually violent offender pursuant to the Sexual Offender Registration Act.

Defendant was charged in a 32-count indictment with multiple sex crimes involving numerous children. In July 1982, he was convicted after a trial of two counts of sodomy in the first degree, one count of sodomy in the second degree, one count of sodomy in the third degree, two counts of sexual abuse in the first degree and two counts of endangering the welfare of a child. In anticipation of defendant's release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C) presumptively classifying him as a risk level III sex offender. A hearing on the matter was held before County Court in September 2002. At the conclusion of the hearing, County Court classified defendant as a risk level III sex offender and a sexually violent offender, and defendant now appeals.

Defendant contends that County Court's risk level III clas-

sification is not supported by clear and convincing evidence (*see* Correction Law § 168-n [3]). Based on our review of the record, we disagree. The case summary, together with the presentence investigation report and information presented at the hearing, provided clear and convincing proof supporting defendant's presumptive classification as a risk level III sex offender (*see People v Smith*, 5 AD3d 752 [2004], *lv denied* 3 NY3d 602 [2004]; *People v Scott*, 288 AD2d 763 [2001]; *cf. People v Brown*, 7 AD3d 831, 833 [2004]). The court considered the appropriate statutory factors as incorporated in the guidelines in making its classification (*see* Correction Law § 168-*l* [5]). A different classification is not warranted by the fact that the evidence relied upon primarily related to the circumstances of the crimes for which defendant was convicted as a large number of the points contained in the risk assessment guidelines are allocated to a defendant's current offense. These crimes, together with defendant's failure to take responsibility for his actions and prior criminal history, gave defendant a score of 120, automatically putting him in the risk level III category, without even considering his prior New Jersey conviction for a sex crime, which County Court properly disregarded. Inasmuch as defendant has not demonstrated that County Court erred in its computation nor has he set forth mitigating factors warranting a downward departure from the presumptive risk level III classification, we find no reason to disturb it.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.