■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT HANIF WALKER, Appellant. [788 NYS2d 723]—

Cardona, P.J. Appeal from an order of the County Court of Schenectady County (Giardino, J.), entered September 15, 2003, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

In 1994, defendant pleaded guilty to two counts of rape in the first degree and one count of robbery in the first degree in satisfaction of a 38-count indictment. He was sentenced to three concurrent prison terms of 10 to 20 years (228 AD2d 798, 799 [1996], *lv denied* 88 NY2d 1072 [1996]). Thereafter, in 2003, in anticipation of defendant's release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C). Defendant received a risk factor score of 135 points which placed him above the 110-point threshold for a level III sex offender, and the Board recommended that he be classified as a sexually violent offender. At a hearing on the matter before County Court in September 2003, defendant challenged his risk level classification by disputing the points assessed against him on several grounds. After determining that the People's evidence was insufficient to establish a history of drug abuse, County Court reduced defendant's score by 15 points to 120 and classified him as a risk level III sexually violent offender. This appeal ensued.

Based upon our review of the record, we conclude that County Court's risk assessment and classification is supported by clear and convincing evidence (*see* Correction Law § 168-n [3]; *People v Brown*, 7 AD3d 831, 832 [2004]; *People v Wroten*, 286 AD2d 189, 199 [2001], *lv denied* 97 NY2d 610 [2002]). Defendant's postarrest statement that he had "pulled out [a] gun and put it to [a victim's] head" is clear and convincing evidence that he was armed with a dangerous instrument at the time he committed the crimes. It is likewise evident from the statement that defendant was not acquainted with the rape victims. Finally, the fact that defendant attempted to withdraw his guilty plea prior to sentencing (228 AD2d 798, 799 [1996], *supra*) and, since that time, has consistently maintained his innocence supports

County Court's determination that defendant has not sincerely accepted responsibility for his actions (*see People v Mitchell*, 300 AD2d 377, 378 [2002], *lv denied* 99 NY2d 510 [2003]; *People v Chilson*, 286 AD2d 828 [2001], *lv denied* 97 NY2d 655 [2001]). Accordingly, defendant was properly classified as a risk level III sexually violent offender (*see People v Ahlers*, 10 AD3d 770, 771 [2004], *lv denied* 4 NY3d 704 [2005]).

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.