[792 NYS2d 236]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK DORT, Appellant.

Third Department, March 31, 2005

APPEARANCES OF COUNSEL

*Ira M. Pesserilo*, Ithaca, for appellant.

*George M. Dentes, District Attorney*, Ithaca (*Jeffrey G. Leibo* of counsel), for respondent.

**OPINION OF THE COURT**

PETERS, J.

On November 29, 1999, defendant pleaded guilty to sexual abuse in the first degree in satisfaction of a seven-count indictment. He was sentenced as a second felony offender to a five-year prison term. In anticipation of defendant's release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment recommendation to County Court, pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]), which classified defendant as a risk level III sex offender on the grounds that he, among other things, failed to accept responsibility for the conduct underlying his conviction and committed a prior act of sexual misconduct before his 20th birthday. Following an October 2003 risk assessment hearing, County Court classified defendant as a risk level III sex offender. He appeals and we affirm.

Defendant challenges his SORA classification on three grounds. First, he contends that the risk level III determination was not supported by clear and convincing evidence. Second, he argues that a juvenile delinquency adjudication involving inappropriate sexual contact with a relative when he was 15 years old cannot be scored against him under SORA. Finally, he contends that County Court erred in assessing points against him for his failure to accept responsibility for his conduct. ■ Under SORA, the prosecution bears the burden of proving the facts supporting the risk level classification sought by clear and convincing evidence (*see* Correction Law § 168-n [3]; *People v*

*Brown*, 7 AD3d 831, 832 [2004]). SORA permits consideration of reliable hearsay evidence, which could be submitted by either party, as well as the victim's statement and the recommendation by the Board with any of its supporting materials (*see* Correction Law § 168-n [3]). Here, defendant contends that the evidence submitted was not reliable hearsay and that *Crawford v Washington* (541 US 36 [2004]) is applicable to SORA risk level determinations.

We disagree. While *Crawford* preserved defendant's right to confront witnesses in the context of a criminal prosecution (*id.* at 42), we have previously clarified that a SORA risk level determination is not part of the criminal proceeding. As opposed to a punitive function, the SORA determination serves both an administrative and ministerial purpose (*see People v Clark*, 261 AD2d 97, 100 [2000], *lv denied* 95 NY2d 833 [2000]). It "protect[s] communities by notifying them of the presence of individuals who may present a danger and enhancing law enforcement authorities' ability to fight sex crimes" (*Doe v Pataki*, 120 F3d 1263, 1276 [1997], *cert denied* 522 US 1122 [1998]). Moreover, a criminal action terminates upon sentencing whereas a SORA determination is deemed neither an amendment to the judgment of conviction nor a resentencing (*see People v Stevens*, 91 NY2d 270, 277 [1998]).

Viewing the evidence submitted, we find that the People established, by clear and convincing evidence, that defendant was a risk level III sex offender. The victim's sworn statement to the police that defendant forced her to have sexual intercourse with him by threatening to kill her friend with a metal baseball bat was properly considered (*see* Correction Law § 168-n [3]). This statement was consistent with that of her boyfriend who was present when the crime occurred, as well as the grand jury testimony of police officer Mark Dresser, who found an aluminum bat on the couch in defendant's living room following the incident. Moreover, in entering his plea of guilty, defendant admitted to having had sexual intercourse with the victim against her will.

Nor do we find error in County Court's determination that defendant failed to accept responsibility for his conduct. After his entry of a guilty plea, while participating in an interview for the preparation of the presentence report, defendant recanted his plea. Moreover, during his incarceration, the evaluator at the correctional facility's sex offender program opined that defendant still had elements of denial. Upon this evidence,

County Court properly determined, by clear and convincing evidence, that defendant failed to fully accept responsibility (*see People v Mitchell*, 300 AD2d 377, 378 [2002], *lv denied* 99 NY2d 510 [2003]).

■ Finally, we reject defendant's contention that his prior juvenile delinquency adjudication cannot be scored against him under SORA. The Board's guidelines for risk assessment establish that a sex offender will be assessed additional points for any court "conviction or adjudication for a sex crime occurr[ing] at age 20 or less" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [Factor 8] [Nov. 1997]).

MERCURE, J.P., SPAIN, LAHTINEN and KANE, JJ., concur.

Ordered that the order is affirmed, without costs.