■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE HUNT, Appellant. [792 NYS2d 698]—Cardona, P.J. Appeal from an order of the County Court of Rensselaer County (McGrath, J.), entered February 25, 2004, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

In satisfaction of a 60-count indictment charging multiple sex crimes involving numerous children, defendant pleaded guilty in 1987 to two counts of kidnapping in the second degree, six counts of sodomy in the first degree, three counts of sodomy in the second degree, four counts of use of a child in a sexual performance and three counts of promoting a sexual performance by a child. Defendant was sentenced (148 AD2d 836, 837-838 [1989], *lv denied* 74 NY2d 665 [1989]) and later resentenced (162 AD2d 782, 783-784 [1990], *affd* 78 NY2d 932 [1991], *cert denied* 502 US 964 [1991]) to an aggregate prison term of $12\frac{1}{2}$

to 25 years. In 2004, in preparation for defendant's anticipated release from prison, he was evaluated by the Board of Examiners of Sex Offenders. The Board prepared a risk assessment instrument in accordance with the Sex Offender Registration Act (*see* Correction Law art 6-C) and recommended that defendant be classified as a risk level III sex offender. Following a hearing before County Court, defendant was classified in accordance with the Board's recommendation, prompting this appeal.

Although defendant maintains that County Court's risk level III classification is not supported by clear and convincing evidence (*see* Correction Law § 168-n [3]), we do not agree. The case summary, presentence investigation and other proof in the record provide clear and convincing evidence that defendant was properly classified as a level III sex offender (*see People v Ahlers*, 10 AD3d 770 [2004]). All appropriate statutory factors were considered and we are unpersuaded that the Board erroneously allocated a total of 125 points to defendant on his risk assessment instrument. Notably, along with evidence detailing the subject crimes, the record shows that defendant has an extensive criminal history, including a prior conviction of sodomy in the second degree. In addition, defendant's claimed mitigating factors do not warrant a departure from the presumptive risk level III assessment (*see People v King*, 15 AD3d 693 [2005]). Accordingly, County Court did not abuse its discretion in classifying defendant as a risk level III sex offender.

Crew III, Spain, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.