■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ASHLEY, Appellant. [797 NYS2d 623]—

Carpinello, J. Appeal from an order of the County Court of St. Lawrence County (Nicandri, J.), rendered August 26, 2003, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

Defendant, the subject of two accusatory instruments, pleaded guilty to two counts of rape in the third degree stemming from his sexual contact with two minors. Defendant waived his right to appeal, and was thereafter sentenced to consecutive one-year terms in jail. The Board of Examiners of Sex Offenders pre-

pared a risk assessment recommendation to County Court, pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]), reporting that defendant had scored 165 points, thus classifying him as a risk level III sex offender. The case summary reported no reason to depart from that classification because defendant failed to accept responsibility for the conduct underlying his convictions, lacked satisfactory conduct while incarcerated and exhibited a pattern of sexual abuse against minor females. Following a risk assessment hearing, County Court stated that there was no reason for a downward departure given "defendant's proclivity to underage females" and classified defendant as a risk level III sex offender, prompting this appeal.

While defendant claims that County Court's risk level III classification is not supported by clear and convincing evidence (*see* Correction Law § 168-n [3]), we disagree (*see People v Hunt*, 17 AD3d 713 [2005]; *People v Ahlers*, 10 AD3d 770, 771 [2004], *lv denied* 4 NY3d 704 [2005]). We note that SORA permits consideration of reliable hearsay evidence (*see* Correction Law § 168-n [3]; *People v Dort*, 18 AD3d 23, 25 [2005]), and defendant's statement that he was misled as to the ages of the victims reflects his failure to fully accept responsibility for his conduct and was, therefore, properly considered (*see People v Walker*, 15 AD3d 692, 693 [2005]; *People v Mitchell*, 300 AD2d 377, 378 [2002], *lv denied* 99 NY2d 510 [2003]). In any event, defendant concedes that even if this Court were to accept all of his challenges to the points assessed against him, he would still be within the risk level III classification. Accordingly, County Court did not abuse its discretion in classifying defendant as a risk level III sex offender. Defendant's remaining contention is without merit.

Mercure, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.