■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN DICKISON, Appellant. [805 NYS2d 198]—

Peters, J. Appeal from an order of the County Court of Sullivan County (LaBuda, J.), rendered December 14, 2004, which classified defendant a risk level III sex offender pursuant to the Sex Offender Registration Act.

Defendant pleaded guilty in 1996 to two counts of sodomy in the third degree and endangering the welfare of a child in satisfaction of a multiple-count indictment charging him with numerous sex crimes. The charges arose from defendant's repeated sexual contact with his girlfriend's sister, with whom he shared the same household, between the time she was 12 and 15 years old. Defendant was released in 1999 after serving a portion of his sentence and, following a hearing which he did not attend, was classified as a risk level III sex offender under the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]). Thereafter, as the result of a stipulation entered into in the case of *Doe v Pataki* (3 F Supp 2d 456 [1998]), a new SORA hearing was conducted in December 2004 which again resulted in defendant being classified as a risk level III sex offender. He now appeals.

Initially, we note that the burden is on the prosecution to establish the proper risk level classification by clear and convincing evidence (*see* Correction Law § 168-n [3]; *People v Dort*, 18 AD3d 23, 25 [2005], *lv denied* 4 NY3d 885 [2005]; *People v Hunt*, 17 AD3d 713, 714 [2005], *lv denied* 5 NY3d 763 [2005]). SORA permits the court to consider reliable hearsay evidence (*see* Correction Law § 168-n [3]; *People v Ashley*, 19 AD3d 882, 883 [2005]), including the risk level assessment instrument, case summary and presentence investigation report, in determining the proper classification (*see e.g. People v Dort, supra* at 25; *People v Hunt, supra* at 714). Here, the risk level assessment instrument assigned defendant a total of 110 points, presumptively placing him in the risk level III classification, and no departure was recommended. The risk factors referenced therein, including defendant's failure to take responsibility for his actions and his prison disciplinary infraction, were substantiated by the information contained in the presentence investigation report and case summary. In view of this, clear and convincing evidence supports the determination classifying him as a risk level III sex offender. Defendant has not demonstrated "special circumstances justifying . . . a departure from the presumptive level" (*People v Arotin*, 19 AD3d 845, 847 [2005]; *see People v Guaman*, 8 AD3d 545 [2004]).

Cardona, P.J., Crew III, Spain and Kane, JJ., concur. Ordered that the order is affirmed, without costs.