■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS HYSON, Appellant. [811 NYS2d 469]—

Peters, J. Appeal from an order of the County Court of Schenectady County (Giardino, J.), entered March 4, 2005, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

Defendant was convicted in Michigan in 1980 of criminal sexual conduct in the first degree and kidnapping in the first degree as the result of a sexual assault which he perpetrated on a 12-year-old girl. He was sentenced to a prison term of 30 to 60 years and released in 2002. Upon his relocation to Schenectady County in 2004, a hearing was conducted and defendant was assigned a risk level III sex offender status pursuant to the Sex Offender Registration Act (see Correction Law art 6-C). Defendant now appeals, contending that a downward departure to a risk level II classification is appropriate. Defendant specifically argues that County Court erred in computing his presumptive risk level score by assessing points for his prior criminal history, the recency of his prior offense and his release without supervision. We disagree and affirm.

Defendant had been convicted of burglary in the third degree within three years prior to the offense at issue herein. Thus, County Court properly assessed points relative to defendant's criminal history and the recency thereof. Further, because defendant was released without any form of parole or probation supervision, County Court appropriately assigned 15 points to his score.

Having concluded that defendant's presumptive risk level score was correctly calculated, we note that defendant has failed to demonstrate mitigating factors warranting a downward departure therefrom (see People v King, 15 AD3d 693, 693 [2005]; People v Ahlers, 10 AD3d 770, 771 [2004], lv denied 4 NY3d 704 [2005]). Accordingly, we decline to intervene.

Mercure, J.P., Crew III, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.