■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR QUINTANA, Appellant. [813 NYS2d 299]—

Order, Supreme Court, New York County (Daniel P. FitzGerald, J.), entered on or about April 19, 2005, which adjudicated defendant a level two sex offender under the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

In adjudicating defendant a level two sex offender, the court properly assessed points under the "forcible compulsion" and "deviate sexual intercourse" categories of the Risk Assessment Guidelines. This determination was supported by clear and convincing evidence. The grand jury minutes were "reliable hearsay evidence" (Correction Law § 168-n [3]), and constituted a proper basis for the court's findings (see People v Dort, 18 AD3d 23, 25 [2005], lv denied 4 NY3d 885 [2005]). We perceive no basis for a discretionary downward departure (see People v Guaman, 8 AD3d 545 [2004]). Concur—Buckley, P.J., Andrias, Nardelli, Sweeny and McGuire, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDY SANCHEZ, Appellant. [813 NYS2d 299]—Judgment, Supreme Court, Bronx County (John A. Barone, J.), rendered August 26, 2004, convicting defendant, upon his plea of guilty, of attempted assault in the first degree, and sentencing him to a term of 3½ years, unanimously affirmed.

The court properly denied defendant's motion to withdraw his plea of guilty (see People v Frederick, 45 NY2d 520 [1978]). Each of the claims defendant made in his written motion was directly contradicted by the plea allocution record, which establishes that the plea was knowing, intelligent and voluntary. Defendant was not entitled to a hearing or further inquiry simply because, in his motion, he disavowed the responses he had made to the court's careful questioning at the time of the plea. Concur—Buckley, P.J., Andrias, Nardelli, Sweeny and McGuire, JJ.