THIRD DEPARTMENT, MAY, 2006

(May 4, 2006)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN F. SCOTT, Appellant. [814 NYS2d 766]—

Kane, J. Appeal from an order of the County Court of Broome County (Mathews, J.), entered July 2, 2002, which classified defendant a risk level III sex offender pursuant to the Sex Offender Registration Act.

Defendant was convicted in 1998 upon his guilty plea to the crime of sodomy in the second degree, in satisfaction of charges of sodomy in the first and second degrees and endangering the welfare of a child. The charges arose from deviate sexual acts committed with a male cousin over a two-year period, and an incident in which defendant masturbated in front of that 12-year-old victim and several of his friends. In 2002, defendant appeared in County Court for a risk level determination pursuant to the Sex Offender Registration Act (see Correction Law art 6-C). The risk assessment instrument prepared by the Board of Examiners of Sex Offenders assigned defendant a total of 80 points, and recommended an upward departure from the presumptive risk level II to level III. The case summary justified the upward departure with the aggravating fact that defendant's 1990 conviction in Pennsylvania for indecent exposure and open lewdness, to which he had pleaded nolo contendere, arose from him stalking, and masturbating in front of, a 12-year-old boy. The case summary further recited a list of materials—including photographs of children, a list of elementary schools and a list of people involved in a sex ring—that were seized from defendant's home following his arrest. The presentence investigation report and the police report, which included the State Police investigation as well as statements by the victim, witnesses and defendant, were submitted to County Court. Defendant testified at the risk assessment hearing, during which he offered innocent explanations for the inculpatory materials that were seized, attempted to minimize his sexual contact with his cousin and blamed his Pennsylvania conviction on his attorney. County Court rejected defendant's testimony as incredible, characterizing it as "manipulative, cunning and deceptive," concluded that defendant "continues to suffer a bizarre sexual obsession for young children for which he has no genuine intent or desire to seek treatment," and expressed doubt that defendant would avoid future contact with young

children. County Court adjudicated defendant to be a risk level III offender, and defendant now appeals.

Defendant contends that County Court's upward departure from the presumptive risk level II assessment was not supported by clear and convincing evidence. In light of County Court's ability to observe the demeanor of a witness at a hearing, its credibility determinations are accorded great deference (*People v Hunter*, 270 AD2d 712, 713 [2000]), and its findings will be reversed only if "the record reveals that the court clearly erred in its resolution of the credibility issues" (*People v Earley*, 244 AD2d 769, 770 [1997]). Inasmuch as defendant's rambling testimony offered only implausible explanations and excuses, we find no clear error in County Court's rejection of that testimony. Further, there is no requirement that County Court's conclusions regarding defendant's propensity to commit sexual offenses or his lack of willingness to undergo treatment be supported by expert testimony. Rather, the risk level determination must be supported by facts that have been established by clear and convincing evidence, and those facts may be offered in the form of reliable hearsay, including the case summary and other materials upon which County Court relied (*see* Correction Law § 168-n [3]; *People v Dickison*, 24 AD3d 980, 981 [2005], *lv denied* 6 NY3d 709 [2006]; *People v Ashley*, 19 AD3d 882, 883 [2005]; *see also People v Brown*, 25 AD3d 924, 925 [2006]). Here, the documents submitted to County Court, particularly when considered with defendant's evasive testimony at the hearing, provide clear and convincing evidence that defendant is a pedophilic sex offender and that he is unlikely to volitionally undergo counseling to address his conduct. Accordingly, we find no basis to disturb County Court's determination that defendant is a risk level III sex offender.

Crew III, J.P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.