■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL THORNTON, Appellant. [824 NYS2d 459]—

Peters, J. Appeal from an order of the County Court of Rensselaer County (McGrath, J.), entered June 22, 2005, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

The sole issue presented on this appeal is whether County Court's upward departure from defendant's presumptive risk level I sex offender status to a risk level III status was proper.* We find that it was and affirm.

A court may order an upward departure when an aggravating or mitigating factor exists which was not otherwise adequately taken into consideration by the risk assessment guidelines (see People v Cruz, 28 AD3d 819, 819 [2006]; People v Joslyn, 27 AD3d 1033, 1033-1034 [2006]). The court's determination in that regard must be supported by clear and convincing evidence (see People v Kwiatkowski, 24 AD3d 878, 879 [2005]; People v

---

* Defendant's underlying conviction was affirmed by this Court (People v Thornton, 263 AD2d 782 [1999]).

*Miranda*, 24 AD3d 909, 910 [2005]), which can be in the form of reliable hearsay (*see* Correction Law § 168-n [3]; *People v Ashley*, 19 AD3d 882, 883 [2005]; *People v Arotin*, 19 AD3d 845, 847 [2005]). Here, County Court premised its upward departure on information contained in the presentence investigation report, including statements made by defendant to the Probation Department concerning his prior sexual misconduct, unrelated to this case. Inasmuch as such a report can constitute reliable hearsay (*see People v Brown*, 25 AD3d 924, 924-925 [2006]; *People v Dickison*, 24 AD3d 980, 981 [2005], *lv denied* 6 NY3d 709 [2006]), we conclude that, under these circumstances, County Court's determination was supported by the requisite clear and convincing evidence.

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.