■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK DUBUQUE, Appellant. [824 NYS2d 823]—

Spain, J. Appeal from an order of the County Court of Clinton County (Ryan, J.), rendered December 10, 2004, which classified defendant as a risk level II sex offender pursuant to the Sex Offender Registration Act.

Defendant was convicted, upon his plea of guilty, of rape in the third degree and was sentenced. Pursuant to the Sex Offender Registration Act, a hearing was conducted to determine defendant's level of notification (see Correction Law § 168-d). Upon consent of the parties, the only issue disputed by defendant at the hearing was whether 10 points should be assessed under the category of acceptance of responsibility in calculating his risk assessment score. Following the hearing at which defendant testified, County Court concluded that defendant failed to accept responsibility for his crime and that 10 points should be included in his total risk assessment score, and classified defendant as a risk level II sex offender. Defendant now appeals.

Upon our review of the presentence investigation report and proof adduced at the hearing, we find that the People established by clear and convincing evidence that defendant failed to take responsibility for his actions and should be classified as a risk level II sex offender (see People v Arotin, 19 AD3d 845, 847 [2005]; People v Dort, 18 AD3d 23, 25 [2005], lv denied 4 NY3d 885 [2005]). At the hearing, County Court noted that the Board of Examiners of Sex Offenders completed a risk assessment instrument which calculated a total risk assessment score of 80, which included 10 points for the failure to accept responsibility and presumptively placed defendant within the category of a risk level II sex offender. Defendant's probation officer testified that after his plea of guilty, and during his interview in preparation for the presentence report, defendant transferred blame to the victim when he indicated that she misled him regarding her age and defendant had yet to accept responsibility for his actions, and instead rationalized his behavior. Additionally, when questioned by the court, defendant attributed his crime to the victim's misrepresentation. Thus, based upon the evidence presented, and in light of County Court's ability to observe defendant's demeanor and its specific assessment of his credibility at the hearing, we discern no basis upon which to find that the court failed to exercise or abused its discretion when it assessed defendant's risk to be that of a risk level II sex of-

fender (*see People v Scott*, 29 AD3d 1025, 1027 [2006]; *People v Dickison*, 24 AD3d 980, 981 [2005], *lv denied* 6 NY3d 709 [2006]).

Mercure, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.