■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY R. LESCH, Appellant. [833 NYS2d 268]—

Lahtinen, J. Appeal from an order of the County Court of Broome County (Mathews, J.), entered October 31, 2005, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

Defendant pleaded guilty in 1993 to sexual abuse in the first degree in satisfaction of an indictment which also charged sodomy in the first degree and endangering the welfare of a child. He was sentenced to three years in prison and three years of postrelease supervision to be served concurrent to a term of 188 months in federal prison for his conviction of possession of child pornography. In April 2005, the Board of Examiners of Sex Offenders presumptively classified defendant as a risk level II sex offender (105 points, the highest number in level II) in accordance with the Sex Offender Registration Act (see Correction Law art 6-C). The Board, however, recommended an upward departure to level III. Following a hearing, County Court confirmed and adopted the Board's case summary and risk assessment instrument and then concluded that aggravating factors existed warranting an upward departure to risk level III. Defendant appeals claiming that he was improperly assessed points for multiple categories on the risk assessment instrument and an upward departure was not appropriate because the risk assessment instrument adequately addressed all of the aggravating circumstances.

Defendant initially claims that only 10 points should have been assessed for sexual contact with the victim as he pleaded guilty to sexual abuse in the first degree for touching the six-year-old victim under her clothing. He further claims that there should have been no assessment for the categories relating to

acceptance of responsibility and conduct while confined. It is the People's burden to establish the proper risk level classification by clear and convincing evidence (*see People v Dickison*, 24 AD3d 980, 981 [2005], *lv denied* 6 NY3d 709 [2006]; *People v Arotin*, 19 AD3d 845, 847 [2005]), and County Court, in arriving at its risk level determination, is permitted to consider reliable hearsay evidence (*see* Correction Law § 168-n [3]; *People v Scott*, 29 AD3d 1025, 1026 [2006]; *People v Ashley*, 19 AD3d 882, 883 [2005]). "Notably, the Board is not limited to the crime of conviction" in completing the risk assessment instrument, as long as reliable sources are used (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 5 [Nov 1997]). Here, the presentence investigation report and case summary provided the requisite clear and convincing evidence to not only support the assessment of 25 points for sexual contact with the victim, but also the point assessments for the other challenged categories. As noted in these documents and his testimony at the hearing, defendant minimized the nature of his contact with the victim (*see People v Scott, supra* at 1026) and transferred blame for his actions both with respect to his crime and his conduct in prison.

As for defendant's contention with respect to his upward departure to a risk level III classification, it is well established that a departure from the presumptive risk level is warranted where "there exists an aggravating or mitigating factor of a kind, or to a degree, not otherwise adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [Nov 1997]; *accord People v Joslyn*, 27 AD3d 1033, 1034 [2006]), and the court's determination in this regard must be supported by clear and convincing evidence (*see People v Cruz*, 28 AD3d 819, 819 [2006]; *People v Kwiatkowski*, 24 AD3d 878, 879 [2005]). Exhibits at the hearing included, among others, pornography stories involving young girls downloaded to defendant's computer and nude pictures of the victim which he denied taking. The case summary, which was amply supported by the record, noted that defendant's "sexual offending against prepubescent females has escalated." Defendant testified that he does not think he has a problem abusing children. However, County Court concluded that he is likely to reoffend when released from prison. We find sufficient evidence to justify the upward departure to a risk level III.

Mercure, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.