■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD E. ROBERTS, JR., Appellant. [834 NYS2d 334]—

Rose, J. Appeal from an order of the County Court of Chemung County (Buckley, J.), entered April 20, 2005, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

In 1986, defendant pleaded guilty to the crime of sodomy in the first degree in full satisfaction of a four-count indictment stemming from his sexual encounters with three young girls, who were four, five and six years old. Upon his release from prison in 1996, he was classified as a risk level III sex offender pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C). In 2004, he was afforded a rehearing pursuant to the stipulation in *Doe v Pataki* (3 F Supp 2d 456 [SD NY 1998])

after which he was again classified as a risk level III sex offender. He now appeals.

In addition to asserting that County Court improperly assessed points against him in two categories on the risk assessment instrument used in classifying sex offenders (*see* Correction Law §§ 168-*l*, 168-n), defendant maintains that County Court failed to sufficiently set forth its findings of fact and conclusions of law upon which its determination was based. We disagree and affirm. County Court's assessments of 30 points to defendant in the category pertaining to the number of his victims—three—and 20 points in the category regarding his continuing course of sexual misconduct are supported by clear and convincing evidence in the record (*see People v Swackhammer*, 25 AD3d 892, 892 [2006]). Such evidence includes a case summary, a presentence investigation report and a victim impact statement that are buttressed by defendant's own admissions to police subsequent to his arrest. In affirming his criminal behavior, defendant specifically acknowledged that he engaged in deviate sexual activity with three children and that such activity was not limited to one incident (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 9, 11 [Nov. 1997]). Furthermore, notwithstanding County Court's failure to attach its findings of fact and conclusions of law to the order providing for sex offender risk level, and inasmuch as the record includes ample evidence, as detailed above, to support County Court's decision, we decline to disturb it (*compare People v Marr*, 20 AD3d 692, 693 [2005]).

We have considered defendant's remaining contentions and find them to be without merit.

Cardona, P.J., Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.