■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD E. WHITE, Appellant. [833 NYS2d 726]—

Spain, J. Appeal from an order of the County Court of Montgomery County (Catena, J.), entered May 8, 2006, which classified defendant as a risk level II sex offender pursuant to the Sex Offender Registration Act.

Following a jury trial, defendant was convicted in 1997 of rape in the second degree and sodomy in the second degree and was sentenced to state prison. Pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C), a hearing was conducted, after which County Court, upon defendant's consent, classified defendant as a risk level II sex offender. Defendant now appeals, contending that County Court improperly assigned 10 points to his risk assessment score under the category of acceptance of responsibility, without which he would have been presumptively a risk level I.

To begin, after defendant testified at the hearing in a manner which varied from his trial testimony, he expressly consented on the record to a risk level II designation in return for the People's promise to not pursue perjury charges against him. As such, defendant cannot now be heard to complain that he has been aggrieved by County Court's order (*see* CPLR 5511) and this appeal must be dismissed (*see Matter of Dawn N.*, 4 AD3d 634, 635 [2004]).

Even were we to consider defendant's claim, however, we would find it to be unavailing. Our review of the hearing evidence reveals that the People established by clear and convincing evidence that defendant failed to take responsibility for his actions (*see People v Dubuque*, 35 AD3d 1011, 1011 [2006]; *People v Dort*, 18 AD3d 23, 25 [2005], *lv denied* 4 NY3d 885 [2005]; *People v Walker*, 15 AD3d 692, 692 [2005]; *see also People v Dickison*, 24 AD3d 980, 981 [2005], *lv denied* 6 NY3d 709 [2006]; *People v Mitchell*, 300 AD2d 377, 377-378 [2002], *lv denied* 99 NY2d 510 [2003]). When defendant testified during the hearing, he did not take full responsibility for what he had done. Thus, we defer to County Court's ability to observe

defendant's demeanor and assess his credibility in finding that he had failed to take responsibility for his actions (*see People v Dubuque, supra* at 1011-1012). In view of the foregoing, we discern no basis upon which to disturb County Court's order classifying defendant as a risk level II sex offender.

Mercure, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.