◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERIBERTO ORENGO, Appellant. [836 NYS2d 202]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Leventhal, J.), dated February 14, 2006, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant was convicted on November 4, 2002 of at-

tempted sexual abuse in the first degree under Penal Law §§ 110.00 and 130.65 (1). On February 14, 2006, at a hearing held pursuant to the Sex Offender Registration Act (Correction Law art 6-C, hereinafter SORA), the Supreme Court designated the defendant a level three sex offender. In so doing, the Supreme Court declined to accept the risk factor score contained in the risk assessment instrument (hereinafter RAI), under which the defendant was deemed a presumptive level three sex offender, but nonetheless designated the defendant a level three sex offender based upon its invocation of the fourth override pertaining to a clinical assessment of psychological abnormality.

Although the Supreme Court incorrectly applied the fourth override factor in the absence of evidence that there was a clinical assessment that the defendant had a psychological condition that decreased his ability to control impulsive sexual behavior (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 19 [2006 ed]), the defendant was nevertheless correctly designated a level three sex offender on the basis of the presumptive risk level contained in the RAI. The defendant was properly allocated points for both his expulsion from a treatment program (risk factor 12) and his release without supervision (risk factor 14), as there was clear and convincing evidence which merited the imposition of points in both categories (*id.* at 16; *see People v Hyson,* 27 AD3d 919 [2006]). The resulting risk factor score of 115 was thus supported by clear and convincing evidence and establishes the level three classification.

The defendant's remaining contention is unpreserved for appellate review (*see People v Dexter,* 21 AD3d 403 [2005]; *People v Angelo,* 3 AD3d 482 [2004]). Spolzino, J.P., Krausman, Skelos and Dickerson, JJ., concur.