■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM J. COLEMAN, Appellant. [846 NYS2d 460]—

Mugglin, J. Appeal from an order of the County Court of Albany County (Breslin, J.), entered July 28, 2006, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

Defendant pleaded guilty in 2005 to sexual abuse in the second degree of a four-year-old child and was sentenced to a one-year jail term. Upon completion of his sentence, the Board of Examiners of Sex Offenders prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C), calculating a score of 135 points, including 30 points under the risk factor for having a prior youthful offender adjudication for a sex crime, and recommending that defendant be classified as a risk level three sex offender. Following a hearing, County Court agreed and issued an order classifying him as such. Defendant now appeals.

While defendant contends that County Court's risk level three classification is not supported by clear and convincing evidence, we disagree (*see People v Lesch*, 38 AD3d 1129, 1130 [2007], *lv denied* 8 NY3d 816 [2007]; *People v Dickison*, 24 AD3d 980, 981 [2005], *lv denied* 6 NY3d 709 [2006]). Defendant's claim that his prior youthful offender adjudication for sexual abuse in the second degree should not be scored against him is meritless, as such adjudications are considered crimes for the purposes of determining the likelihood of reoffense and danger to the public (*see People v Whaley*, 38 AD3d 1106, 1107 [2007]; *People v Dort*, 18 AD3d 23, 26 [2005], *lv denied* 4 NY3d 885 [2005]; *People v Moore*, 1 AD3d 421, 421 [2003], *lv denied* 2 NY3d 743 [2004]). Defendant's other claims, concerning the assessment of 10 points based on his failure to accept responsibility and 15 points for being released without supervision, were not raised before County Court and, therefore, are not preserved for our review (*see* CPL 470.05 [2]; *People v Oginski*, 35 AD3d 952, 953 [2006]). In any event, these claims are also meritless as the record supports County Court's assessments in that defendant failed to accept responsibility during the presentence investigation and he is admittedly not subject to any form of parole or probation supervision (*see People v Hyson*, 27 AD3d 919, 920 [2006]; *People v Swackhammer*, 25 AD3d 892, 892 [2006]). Finally, defendant has failed to demonstrate the required special circumstances to

justify a downward departure from the Board's recommendation (*see People v Dickison*, 24 AD3d at 981; *People v Douglas*, 18 AD3d 967, 968 [2005], *lv denied* 5 NY3d 710 [2005]).

Mercure, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.