■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL F. MANN, Appellant. [859 NYS2d 278]—

Malone Jr., J. Appeal from an order of the County Court of St. Lawrence County (Richards, J.), entered April 13, 2007, which, among other things, classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

In 2007, after defendant had moved from California to New York, the Board of Examiners of Sex Offenders determined that he was required to register as a sex offender in New York due to certain California convictions. Although the risk assessment instrument presumptively placed defendant in the risk level two classification, the Board recommended an upward departure to a risk level three classification based upon the number of persons defendant had victimized. Following a hearing, County Court determined that defendant was a predicate sex offender

and placed him in the risk level three classification. Defendant now appeals.

Initially, defendant contends that County Court erred in finding him to be a predicate sex offender based upon certain California convictions. We disagree. The Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]) provides, in relevant part, that an individual may be classified as a predicate sex offender based upon convictions in a foreign jurisdiction where the individual was convicted of an offense which includes all the essential elements of an offense that is subject to registration in New York or was convicted of a felony in the foreign jurisdiction that required registration as a sex offender in such jurisdiction (*see* Correction Law § 168-a [2] [d] [i], [ii]; [7] [c]; *see also Matter of North v Board of Examiners of Sex Offenders of State of N.Y.*, 8 NY3d 745, 748-749 [2007]).

In the case at hand, the California convictions providing the basis for the predicate sex offender finding were two misdemeanor counts and one felony count of annoying or molesting children. The misdemeanor counts arose from defendant touching the breasts of females ages 13 and younger, which would constitute the crime of sexual abuse in the second degree if committed in New York (*see* Penal Law § 130.60 [2]), and is a registrable offense under SORA (*see* Correction Law § 168-a [2] [a] [i]). The felony count required defendant to register as a sex offender in California (*see* Cal Penal Code § 290 [c]). Given that the requirements for finding defendant to be a predicate felony offender under SORA were clearly satisfied, we find no reason to disturb County Court's determination in this regard.

Defendant further contends that County Court erroneously departed from the presumptive risk level two classification by placing him in the risk level three classification. We note that an upward departure from the presumptive risk level classification may be warranted where an aggravating factor exists that is not adequately taken into account by the risk assessment instrument (*see People v Brown*, 45 AD3d 1123, 1124 [2007], *lv denied* 10 NY3d 703 [2008]; *People v Lesch*, 38 AD3d 1129, 1130 [2007], *lv denied* 8 NY3d 816 [2007]; *People v Thornton*, 34 AD3d 1026, 1026 [2006], *lv denied* 8 NY3d 806 [2007]). There must, however, be clear and convincing evidence to support the departure, which may be in the form of reliable hearsay (*see People v Thornton*, 34 AD3d at 1026-1027).

In the case at hand, County Court based its upward departure upon the number of victims as well as defendant's multiple convictions for failure to register as a sex offender. According to the case summary, the number of victims relates to the circum-

stances surrounding defendant's 1990 misdemeanor convictions. These circumstances are revealed in the California criminal history documentation referenced in the case summary, which indicates that in 1988 and 1989 defendant engaged in the inappropriate touching of seven females between the ages of 11 and 13, who included not only his two stepdaughters but also their friends who had slept over at his house. The documentation contains a summary of statements given to the police by some of the victims and indicates that some type of charges were filed. It also confirms that defendant had multiple convictions for failure to register as a sex offender. In our view, the case summary and the California criminal history documentation constitute reliable hearsay (*see e.g. People v Lewis*, 45 AD3d 1381, 1381 [2007], *lv denied* 10 NY3d 703 [2008]; *People v Ramos*, 41 AD3d 1250, 1250 [2007], *lv denied* 9 NY3d 809 [2007]) and provide clear and convincing evidence supporting County Court's upward departure from the presumptive risk level two classification (*see People v Miller*, 48 AD3d 774, 775 [2008]; *People v Mudd*, 43 AD3d 1128, 1129 [2007], *lv denied* 9 NY3d 817 [2008]). Accordingly, we find no reason to disturb County Court's classification of defendant as a risk level three sex offender.

Lastly, we find no merit to defendant's claim that he was deprived of the effective assistance of counsel. Furthermore, we decline to address his challenge to the Board's requirement that he register as a sex offender in New York inasmuch as a CPLR article 78 proceeding is the proper method through which he should contest this administrative determination (*see People v Stafford*, 32 AD3d 1133, 1134 [2006]).

Cardona, P.J., Spain, Carpinello and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.