■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY RAMIREZ, Appellant. [863 NYS2d 114]——

Cardona, P.J. Appeal from an order of the County Court of Schenectady County (Drago, J.), entered April 4, 2007, which classified defendant a risk level three sex offender pursuant to the Sex Offender Registration Act.

Defendant was convicted upon his plea of guilty of attempted sexual abuse in the first degree. He was sentenced to one year of local incarceration and released without supervision. In January 2007, pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), the Board of Examiners of Sex Offenders issued a risk assessment instrument recommending that defendant be classified as a risk level two sex offender. The People recommended that defendant be classified as a risk level three sex offender. After a hearing, County Court classified defendant as a risk level three sex offender. Defendant appeals.

Defendant argues that his SORA classification is not supported by clear and convincing evidence and that there are mitigating factors which justify a downward departure from a risk level three classification. Specifically, defendant challenges County Court's assignment of 30 points in risk factor 3 for the number of victims, 20 points in risk factor 6 for the helplessness of the victims and 15 points in risk factor 14 for release without supervision.

Risk factor 3 provides that 30 points shall be assigned if the number of victims is three or more. Although defendant admits to inappropriate physical contact with two child victims, he argues that he had no physical contact with the third child and she cannot, therefore, be considered a victim for purposes of the risk level assessment. We disagree. In his sworn statement to police, defendant admitted that he masturbated to ejaculation in front of the child, and the child stated that on another occasion she awoke to find defendant in bed with her under the covers. Based on the evidence of defendant's sexual misconduct toward this child, we find no error in County Court's conclusion that there were three victims (see People v Roberts, 38 AD3d 1151, 1152 [2007], lv denied 9 NY3d 801 [2007]).

We also reject defendant's contention that County Court inappropriately double-counted by assigning points for the age of the victims under risk factor 5 and for physical helplessness under risk factor 6. The court may properly assign points under both categories where the child victim is asleep at the beginning

of the sexual assault (*see People v Davis*, 51 AD3d 442 [2008]; *People v Vaughn*, 26 AD3d 776, 776-777 [2006]). Furthermore, in light of the fact that defendant is not subject to any form of parole, probation or supervision, we find no error in the assignment of 15 points under risk factor 14 (*see People v Hyson*, 27 AD3d 919, 920 [2006]; *People v Swackhammer*, 25 AD3d 892 [2006]). Upon this record, we find that clear and convincing evidence supports defendant's classification as a risk level three sex offender.

Peters, Spain, Carpinello and Stein, JJ., concur. Ordered that the order is affirmed, without costs.