■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PEANA, Appellant. [888 NYS2d 915]—

The County Court's designation of the defendant as a level three sex offender under the Sex Offender Registration Act (Correction Law art 6-C) is supported by clear and convincing evidence (*see People v Garcia,* 56 AD3d 539 [2008]; *People v Pardo,* 50 AD3d 992 [2008]).

Contrary to the defendant's contention, he was properly allocated points for not accepting responsibility for his conduct (risk factor 12). The defendant's lengthy disciplinary record while incarcerated, which terminated his eligibility to enter a sex offender treatment program, may be considered evidence of a refusal of treatment (*see People v Mercado,* 55 AD3d 583 [2008]; *People v Orengo,* 40 AD3d 609, 610 [2007]; *People v Sutton,* 19 AD3d 1045 [2005]). The defendant's failure to obtain sex offender treatment while incarcerated, coupled with the County Court's finding that the defendant has not genuinely expressed remorse for his actions, merited the imposition of points in this category (*see People v White,* 39 AD3d 979 [2007]; *People v Dubuque,* 35 AD3d 1011 [2006]).

Accordingly, the determination of the County Court to designate the defendant a level three sex offender should not be disturbed. Mastro, J.P., Balkin, Eng and Leventhal, JJ., concur.