# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**629**

**KA 15-00655**

PRESENT: SMITH, J.P., CENTRA, CARNI, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

FRANKLIN G. TERNOOIS, III, DEFENDANT-APPELLANT.

---

JAMES S. KERNAN, PUBLIC DEFENDER, LYONS (DAVID M. PARKS OF COUNSEL), FOR DEFENDANT-APPELLANT.

RICHARD M. HEALY, DISTRICT ATTORNEY, LYONS (BRUCE A. ROSEKRANS OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Wayne County Court (Dennis M. Kehoe, J.), dated March 2, 2015.  The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq*.).  Defendant contends that County Court's assessment of 25 points in the risk assessment instrument under risk factor 2, sexual contact with victim, for engaging in "anal sexual conduct" with the seven-year-old victim is not supported by the requisite clear and convincing evidence (Sex Offender Registration Act:  Risk Assessment Guidelines and Commentary, at 9 [2006]; *see* Correction Law § 168-n [3]).  We reject that contention.  The People submitted, inter alia, defendant's sworn postarrest statement to the police, made shortly after the incident, in which he admitted that he anally raped the victim by penetrating her anus with his penis.  The People also submitted a presentence report reflecting that, during the presentence interview with the Probation Department, defendant admitted that he penetrated the victim's anus with his penis.  The presentence report also reflects that defendant equivocated on that admission later in the interview.  We note, however, that "where an unsworn statement is equivocal, inconsistent with other evidence, or seems dubious in light of other information in the record, a SORA court is free to disregard it" (*People v Mingo*, 12 NY3d 563, 577).  Here, we conclude that the court properly disregarded defendant's equivocation during the presentence interview as an attempt to distance himself from his prior sworn statement to the police.

Alleged inconsistencies in the victim's account do not preclude

the assessment of the disputed points.  During a sexual abuse forensic investigation five months after the incident, the victim gave an inconsistent description of the sexual contact, but the investigator concluded that the victim had been coached by her mother in an effort to protect defendant.  Thus, contrary to defendant's contention, we conclude that the court's assessment of 25 points under risk factor 2 is supported by clear and convincing evidence (*see People v Ramirez*, 53 AD3d 990, 991, *lv denied* 11 NY3d 710; *People v Walker*, 15 AD3d 692, 692).

Entered:  July 8, 2016                          Frances E. Cafarell
                                                Clerk of the Court