People v Odiari (2020 NY Slip Op 04882)





People v Odiari


2020 NY Slip Op 04882


Decided on September 2, 2020


Appellate Division, Second Department


Maltese, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-11562

[*1]People of State of New York, respondent,
v
Nnaemeka Odiari, appellant.



APPEAL by the defendant from an order of the Supreme Court (Elizabeth A. Foley, J.), dated December 20, 2013, and entered in Kings County, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.



Paul Skip Laisure, New York, NY (Mark W. Vorkink of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Julian Joiris of counsel), for respondent.



MALTESE, J.


OPINION & ORDER
This opinion addresses whether a diagnosed condition that is included in the Diagnostic and Statistical Manual of Mental Disorders, but is not specifically mentioned in the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006) (hereinafter Guidelines) promulgated by the Board of Examiners of Sex Offenders (hereinafter the Board), may constitute a "psychological abnormality" under the Guidelines' fourth override factor, and thus may provide a basis for an automatic override to a presumptive level three designation pursuant to Correction Law article 6-C. We hold that such a diagnosed condition may constitute a "psychological abnormality" under the fourth override factor and that, here, the People met their burden to establish that the fourth override factor applies.
The Guidelines "contain four overrides' that automatically result in a presumptive
risk assessment of level 3" (Guidelines at 3). The People bear the burden of proving the applicability of a particular override by clear and convincing evidence (see Correction Law § 168-n[3]; People v Greene, 170 AD3d 1209, 1210). The Guidelines provide, in the fourth override factor, for an automatic override to a presumptive level three designation where there has been "a clinical assessment that the offender has a psychological, physical, or organic abnormality that decreases his [or her] ability to control impulsive sexual behavior" (Guidelines at 3-4, 19).
As an initial matter, contrary to the People's contention, the defendant's challenge to the applicability of the fourth override is preserved for appellate review since, in response to the defendant's protest, the Supreme Court "expressly decided the question raised on appeal" (CPL 470.05[2]; see People v Smith, 22 NY3d 462, 465).
We agree with the Supreme Court's determination to apply the fourth override. Contrary to the defendant's contention, schizoaffective disorder may constitute a psychological abnormality that decreases a person's ability to control impulsive sexual behavior under the Guidelines. The defendant contends that schizoaffective disorder may not be used to support the application of the fourth override because it has not been specifically recognized by the Board as a qualifying psychological abnormality. We disagree. In the Guidelines, the Board explained that it "chose to require a clinical assessment of an abnormality so that loose language in a pre-sentence report would not become the basis for an override. Examples of a clinical assessment that would support an override are pedophilia and sexual sadism" (Guidelines at 19 [emphasis added]). The [*2]Guidelines do not contain any language limiting the application of the fourth override to these two examples, and there is no requirement that a psychological abnormality must be inherently sex-related in order for the fourth override to apply (cf. People v Chandler, 48 AD3d 770, 772).
The Fourth Edition, Text Revision, of the Diagnostic and Statistical Manual of Mental Disorders, which was published in 2000, was the current version when the Guidelines were published in 2006 (American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders [4th ed Text Rev 2000] [hereinafter DSM-IV-TR]). Under the DSM-IV-TR, the criteria for a diagnosis of schizoaffective disorder include an "uninterrupted period of illness during which, at some time, there is either a Major Depressive Episode, a Manic Episode, or a Mixed Episode concurrent with symptoms that meet Criterion A for Schizophrenia" and, during the same period of illness, "delusions or hallucinations for at least 2 weeks in the absence of prominent mood symptoms" (DSM-IV-TR at 323). Criterion A for schizophrenia is met when two or more of the following symptoms are present for a significant portion of the time during a one-month period, or for less time if successfully treated: delusions, hallucinations, disorganized speech, grossly disorganized or catatonic behavior, and "negative symptoms," which include restrictions in the "range and intensity of emotional expression," in the "fluency and productivity of thought and speech," and in the "initiation of goal-directed behavior" (DSM-IV-TR at 299; see DSM-IV-TR at 312). Grossly disorganized behavior "may manifest itself in a variety of ways," including "clearly inappropriate sexual behavior" (DSM-IV-TR at 300).
The Fifth Edition of the Diagnostic and Statistical Manual of Mental Disorders (hereinafter the DSM-V), published in 2013, is the current version, and was in effect on December 20, 2013, when the defendant was designated a level three sex offender. DSM-V lists the criteria for a diagnosis of schizoaffective disorder to include "[a]n uninterrupted period of illness during which there is a major mood episode (major depressive or manic) concurrent with Criterion A of schizophrenia" and "[d]elusions or hallucinations for 2 or more weeks in the absence of a major mood episode . . . during the lifetime duration of the illness" (DSM-V at 105). Criterion A of schizophrenia requires two or more of the following, each present for a significant portion of time during a one-month period, or for less time if successfully treated: delusions, hallucinations, disorganized speech, grossly disorganized or catatonic behavior, and negative symptoms. At least one of the two or more symptoms that are present must be delusions, hallucinations, or disorganized speech (see DSM-V at 99).
Although in the DSM-V some of the terms and diagnostic criteria have changed slightly, the diagnostic criteria for schizoaffective disorder set forth in the DSM-V, like the criteria set forth in the DSM-IV-TR, support a finding that this condition may manifest itself in such a way that it decreases the ability to control impulsive sexual behavior. Consequently, we find that the fourth override may be applied based on a clinical assessment indicating that a defendant has schizoaffective disorder and that this disorder decreases his or her ability to control impulsive sexual behavior.
Moreover, here, the People established the applicability of the fourth override by clear and convincing evidence (see Guidelines at 4; cf. People v Chandler, 48 AD3d at 772; People v Kraus, 45 AD3d 826, 827; People v Orengo, 40 AD3d 609, 610). The People submitted, among other things, a psychologist's report in which the psychologist concluded, based on a clinical assessment, that the defendant suffered from schizoaffective disorder, that he experienced "periods of agitation and disorganized behavior," and "presents as hypersexual with low impulse control when decompensated." The psychologist further concluded that the nature of the defendant's illness placed him at an elevated risk of violence, which would likely take the form of inappropriate sexual conduct. This evidence established that there has been a clinical assessment that the defendant has a psychological, physical, or organic abnormality that decreases his ability to control impulsive sexual behavior.
Thus, we agree with the Supreme Court's determination to designate the defendant a level three sex offender.
Accordingly, the order is affirmed.
MASTRO, J.P., MILLER and BRATHWAITE NELSON, JJ., concur.
ORDERED that the order is affirmed, without costs or disbursements.
ENTER:
Aprilanne Agostino
Clerk of the Court