THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN CRUZ, Appellant. [833 NYS2d 527]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Marrero, J.), dated February 3, 2005, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new hearing and determination in accordance herewith.

The defendant was convicted on July 29, 1982 of attempted rape in the first degree, a class C felony sex offense under Penal Law §§ 110.00, 110.05 (4), and § 130.35. At a hearing pursuant to the Sex Offender Registration Act, the Supreme Court designated the defendant a level three sex offender based on a presumptive override for a prior felony conviction for a sex crime. However, the Supreme Court erred in treating the defendant's prior youthful offender adjudication as a prior felony conviction for purposes of invoking the presumptive override. The Criminal Procedure Law explicitly provides that "[a] youthful offender adjudication is not a judgment of conviction for a crime or any other offense" (CPL 720.35 [1]). Once the defendant was adjudicated a youthful offender, his conviction was deemed vacated and replaced by a youthful offender finding, and thus, it may not later be used as a "prior felony conviction for a sex crime" to support a presumptive override (see CPL 720.20 [3]; People v Cook, 37 NY2d 591 [1975]; People v Vidal, 26 NY2d 249 [1970]; People v Ramdhan, 243 AD2d 657 [1997]).

Nevertheless, according to the Risk Assessment Guidelines developed by the Board of Examiners of Sex Offenders, it is appropriate to consider the facts that led to the youthful offender adjudication in assessing the offender's likelihood of recidivism and his danger to public safety (see Risk Assessment Guidelines and Commentary, at 6-7). Thus, it is appropriate to allocate risk points in the category of criminal history on the basis of those facts (see People v Arnold, 35 AD3d 827 [2006]; People v Smith, 35 AD3d 693 [2006]; People v Moore, 1 AD3d 421 [2003]).

However, since the court failed to properly consider the underlying facts that led to the prior youthful offender adjudication, this matter must be remitted to the Supreme Court, Kings County, for a new hearing and determination.

Moreover, the Supreme Court did not render an order which set forth its determinations, findings of fact and conclusions of law as required under Correction Law § 168-n (3). Miller, J.P., Spolzino, Goldstein and McCarthy, JJ., concur.