■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERIC C. CARPENTER JR., Appellant. [880 NYS2d 386]—

---

Mercure, J. Appeal from an order of the County Court of Cortland County (Ames, J.), entered January 7, 2008, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

In September 2000, defendant was separately convicted upon guilty pleas of two crimes arising from incidents in 1998 and 1999 that involved different victims. With respect to the first incident, involving an 11-year-old relative, he pleaded guilty in July 2000 to rape in the second degree and was sentenced on September 11, 2000; the second incident involved his wife and gave rise to a guilty plea in March 2000—upon which defendant was sentenced on September 6, 2000—to sexual abuse in the first degree. Defendant was sentenced to 2 to 4 years in prison upon the rape conviction, to run concurrently with a three-year term of imprisonment imposed upon the sexual abuse conviction, for which he was also sentenced to five years of postrelease supervision.*

In anticipation of defendant's release from prison, the Board of Examiners of Sex Offenders prepared a consolidated risk assessment instrument (hereinafter RAI) and case summary, in which it considered both offenses together. The Board presumptively classified defendant as a risk level three sex offender, with no basis for a downward departure. Following a hearing, County Court assessed an additional 10 points based upon defendant's failure to accept responsibility, and classified him as a risk level three sex offender. The court further indicated that even if the offenses were considered separately—resulting in a level two classification for each offense—it would grant the People's request for an upward departure to level three for both crimes based upon the fact that, at the time of his convictions, defendant had committed the other crime. Defendant appeals and we now affirm.

Defendant asserts that the Board erred in failing to provide separate RAIs for the two offenses, which he maintains are not connected to one another. In that regard, we note that while the

---

* These sentences were also to run concurrently with a prison sentence of 4 to 12 years imposed upon an unrelated drug crime.

guidelines and commentary to the Sex Offender Registration Act provide that "current offenses" need not occur in a single criminal incident in order to be considered together (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 5-6 [2006]), the guidelines further specify that the current offense portion of an RAI must be completed only "on the basis of all of the crimes that were part of the *instant disposition*" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 5 [2006] [emphasis added]). Thus, although it is appropriate to consider additional sex crimes as current offenses when a defendant has confessed but the People have elected, as part of a single disposition, not to prosecute those crimes (*see People v Vanderveer*, 37 AD3d 214 [2007]), other concurrent offenses that are not part of a single disposition are more properly considered as factors that may provide a basis for upward departure from a presumptive risk level (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 14 [2006]; *see generally People v McCollum*, 41 AD3d 1187, 1188 [2007], *lv denied* 9 NY3d 807 [2007]).

Here, the People indicate that the offenses were correctly considered in a consolidated RAI because defendant pleaded guilty to both of them within a 48-hour period and received concurrent sentences. This argument is contradicted both by the People's own statement of the facts and the presentence investigation report, which indicate that defendant's pleas were entered in March 2000 and July 2000—four months apart. Moreover, the sentences were imposed five days apart by different judges, and the record before us is simply inadequate to permit intelligent appellate review of the question of whether the dispositions were in any way connected. Nevertheless, even assuming that the Board erred in failing to provide separate RAIs, such error would be harmless inasmuch as County Court "reviewed all relevant evidence and made 'a final determination of . . . defendant's risk level based on clear and convincing evidence thereof' " (*People v Sanchez*, 20 AD3d 693, 694 [2005], quoting *People v Brown*, 302 AD2d 919, 920 [2003]; *see People v McClelland*, 38 AD3d 1274, 1275 [2007]).

In particular, County Court properly relied upon the sworn statement of defendant's wife, the colloquy at the hearing, the case summary and the presentence investigation report regarding the sexual abuse conviction to assess points against defendant for use of violence, sexual contact and failure to accept responsibility, and determine that he would be presumptively classified at a risk level two with respect to that crime (*see*

*People v Richards*, 50 AD3d 1329, 1330 [2008], *lv denied* 10 NY3d 715 [2008]; *People v LaRock*, 45 AD3d 1121, 1122-1123 [2007]; *People v Coleman*, 45 AD3d 1118, 1118 [2007], *lv denied* 10 NY3d 705 [2008]; *see also People v Arroyo*, 54 AD3d 1141, 1141 [2008], *lv denied* 11 NY3d 711 [2008]). Defendant concedes that, as County Court found, he was correctly classified at a presumptive level two with respect to the crime of rape in the second degree. In our view, the court properly concluded that an upward departure to level three would be warranted if the crimes were assessed separately due to the existence of each concurrent crime, which would not otherwise be taken into account by the guidelines if separate RAIs were provided (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 14 [2006]; *see also People v Miller*, 48 AD3d 774, 775 [2008], *lv denied* 10 NY3d 711 [2008]). Accordingly, we decline to disturb the court's classification of defendant as a risk level three sex offender.

Defendant's remaining arguments have been considered and found to be lacking in merit.

Cardona, P.J., Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.