■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID A. STACCONI, Appellant. [916 NYS2d 310]—

Lahtinen, J. Appeal from an order of the County Court of Broome County (Cawley, J.), entered November 23, 2009, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

Defendant was convicted of rape in the third degree and burglary in the first degree, arising out of separate indictments for unrelated incidents. With his release from prison imminent, the Board of Examiners of Sex Offenders prepared a risk assessment instrument that presumptively classified him as a risk level two sex offender (90 points) under the Sex Offender Registration Act (*see* Correction Law art 6-C), but recommended an upward departure to risk level three. Following a hearing, County Court designated defendant a risk level three sex offender, and he now appeals.

We initially reject defendant's claim that he was improperly assessed 30 points for his youthful offender adjudication for burglary in the second degree, a class C violent felony (*see* Penal Law § 70.02 [1] [b]). Although a youthful offender adjudication "is not a conviction, it constitutes a reliable determination that an offender committed the underlying criminal conduct" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 6 n 6 [2006]; *see People v Irving*, 45 AD3d 1389, 1389-1390 [2007], *lv denied* 10 NY3d 703 [2008]). Defendant complains that the facts underlying that adjudication were not placed before County Court, but any conviction or adjudication for a violent felony as defined in the Penal Law warrants the assessment of 30 points, even if the underlying conduct did not

"involve actual violence" (*People v Reyes*, 48 AD3d 267, 268 [2008], *lv denied* 10 NY3d 711 [2008]; *see People v Baker*, 57 AD3d 1472, 1473 [2008], *lv denied* 12 NY3d 706 [2009]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 13-14 [2006]; *cf. People v Cruz*, 38 AD3d 740, 740-741 [2007]).

As for County Court's finding that an upward departure from a risk level two designation was appropriate, clear and convincing evidence regarding defendant's first-degree burglary conviction demonstrates the existence of an aggravating factor "that is not otherwise adequately taken into account by the risk assessment guidelines" (*People v Stewart*, 77 AD3d 1029, 1030 [2010]; *see People v Wasley*, 73 AD3d 1400, 1400 [2010]). The sworn statement of the burglary victim disclosed that defendant entered her residence while she slept and, after she awoke, subdued her and demanded money (*see People v Carpenter*, 63 AD3d 1320, 1322-1323 [2009], *lv denied* 13 NY3d 704 [2009]). During and after their struggle, defendant repeatedly asked if she "wanted to have any fun," which she took as an invitation to have sex. Indeed, defendant was on the bed with the victim during much of the encounter and, after she repeatedly refused to have sex, he appeared to zip up his pants and left. Given these facts, defendant was properly classified as a risk level three sex offender.

Cardona, P.J., Peters, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.