■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUDD A. GAUTHIER, Appellant. [954 NYS2d 240]—

Spain, J. Appeal from an order of the County Court of Washington County (Hall Jr., J.), entered July 7, 2011, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

In July 2009, defendant pleaded guilty to one count of sexual misconduct and one count of rape in the second degree in Washington County each involving separate victims. In December 2009, defendant pleaded guilty in Rensselaer County to criminal sexual act in the third degree, against a third victim, with his sentence to run concurrently with his Washington

---

County sentence. In preparation for his release from prison, the Board of Examiners of Sex Offenders classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]) for his Washington County conviction. Thereafter, the People and defendant agreed that the Board erred by assigning defendant 30 points in risk factor 3 by improperly considering the Rensselaer County victim in its calculation and that, absent that error, defendant would be a presumptive risk level two sex offender. However, because the People nevertheless requested an upward departure to risk level three, a hearing was held and County Court ultimately granted that request. Defendant now appeals from that order, and we affirm.

Defendant argues that County Court improperly considered the People's documentary evidence without requiring any foundation to establish its authenticity. In determining the appropriate risk level to be assigned a defendant, "the court shall review any victim's statement and any relevant materials and evidence submitted by the sex offender and the district attorney and the recommendation and any materials submitted by the [B]oard, and may consider reliable hearsay evidence submitted by either party, provided that it is relevant to the determinations" (Correction Law § 168-n [3]). The Court of Appeals has spoken to the standard of admissibility for such evidence in SORA hearings, stating that "the Legislature did not limit the proof to what would be admissible at a civil or criminal trial" (*People v Mingo*, 12 NY3d 563, 572 [2009]). More specifically, the Court did not adopt a per se rule for admissibility of evidence at SORA hearings but, instead, held that "hearsay is reliable for SORA purposes and, therefore, admissible—if, based on the circumstances surrounding the development of the proof, a reasonable person would deem it trustworthy" (*People v Mingo*, 12 NY3d at 574). This standard applies not only to permit the introduction of hearsay evidence but, in many instances, to permit it without the need for accompanying foundation evidence. For example, the Court held that, with respect to case summaries and presentence reports, "[n]o foundation is necessary for their consideration at SORA hearings because such documents are created under statutory mandates and their origins and function are well-known to SORA courts" (*id.* at 573). Likewise, "sworn documents . . . including misdemeanor and felony complaints" require no foundation (*id.*).

Hence, following *Mingo*, County Court properly accepted into evidence and considered the risk assessment instrument and case summary (hereinafter RAI), the presentence report, the

certificate of conviction from Rensselaer County[1] and defendant's own sworn statement over his objection that no testimony or other foundation evidence was presented to establish their accuracy. With regard to the Department of Corrections and Community Supervision disciplinary history summary (hereinafter DOCCS summary), defendant has conceded that he waived any objection to its introduction. At the hearing, the only substantive issues in dispute were the points assessed in the RAI for drug and alcohol abuse, the points assessed for his conduct while incarcerated, and his opposition to the People's request for an upward departure based on his Rensselaer County conviction. Defendant's arguments with respect to these issues focused solely on information in the presentence report, the DOCCS summary and the certificate of conviction which, as discussed, were all properly introduced into evidence. Accordingly, we need not decide whether the remaining documents to which defendant objected were properly introduced.[2]

We turn, therefore, to defendant's sole substantive argument on appeal, i.e., that the People improperly relied on criminal conduct that preceded his current conviction in establishing that an upward departure from his presumed risk level two to a level three was warranted. To obtain an upward departure in risk level from the presumptive classification, the People must prove, by clear and convincing evidence, the existence of an aggravating factor that was not adequately taken into account in the RAI (*see People v Farrell*, 78 AD3d 1454, 1455 [2010]; *People v Stewart*, 77 AD3d 1029, 1030 [2010]).

Here, defendant's Rensselaer County conviction was based upon conduct with a different 16-year-old girl, which occurred after the conduct leading to his Washington County conviction but prior to that conviction. The Rensselaer County offense clearly was not adequately factored into defendant's risk assessment; indeed, defendant and the People stipulated that the Rensselaer County victim would not be counted in the number of victims and defendant was scored zero points for risk factors 9 and 10 (number and nature of prior crimes and recency of prior offense) (*compare People v Wyant*, 86 AD3d 754, 755-756 [2011]). Although defendant contends that because the conduct

---

1. In any event, defendant has now conceded on appeal that the certificate of conviction is a self-authenticating certified public record.

2. Notably, defendant has made no specific factual challenges to the accuracy of any of the documents submitted by the People, and the remaining documents—all statements of his victims—are forms of evidence expressly designated for consideration in SORA hearings (*see* Correction Law § 168-n [3]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, General Principles ¶ 7 at 5 [2006]).

that resulted in the subsequent Rensselaer County conviction occurred prior to the Washington County conviction it is not probative of his public safety risk, such contention is clearly refuted by the general inclusion of all prior criminal history in the RAI and the Board's use of a presumptive override to risk level three where the offender has a prior felony conviction for a sex crime (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4, 14 [2006]; *People v Thornton*, 34 AD3d 1026, 1027 [2006], *lv denied* 8 NY3d 806 [2007]). Accordingly, given the fact that defendant's raw risk assessment score of 105—just five points short of a presumptive risk level three assessment—did not factor in the Rensselaer County conduct committed in such close temporal proximity to the Washington County crimes and perpetrated on a third victim, we decline to disturb the court's classification of defendant as a risk level three sex offender (*see People v Carpenter*, 63 AD3d 1320, 1323 [2009], *lv denied* 13 NY3d 704 [2009]).

Rose, J.P., Malone Jr., Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

