■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER BAKER, Appellant. [998 NYS2d 265]—

Lynch, J. Appeal from an order of the County Court of Franklin County (Main Jr., J.), entered August 12, 2013, which classified defendant as a risk level three sex offender and a sexually violent offender pursuant to the Sex Offender Registration Act.

Defendant has a history of committing sexually motivated crimes and, as is relevant here, was convicted upon his plea of guilty of the crime of sexual abuse in the first degree in 2010. As his release from prison neared, the Board of Examiners of Sex Offenders completed a risk assessment instrument in which he was presumptively classified as a risk level three sex offender and a sexually violent offender under the Sex Offender Registration Act (*see* Correction Law art 6-C). After a hearing, County Court determined that defendant was indeed a sexually violent offender, but found that he was a presumptive risk level two sex offender. County Court granted the People's application for an upward departure, however, and classified defendant as a risk level three sex offender. Defendant now appeals, and we affirm.

Defendant initially contends that County Court improperly

considered certain letters that he allegedly wrote to one of his victims. The case summary, presentence investigation report and sworn statement of that victim all establish that defendant wrote letters to her and, indeed, his guilty plea to criminal charges related to those acts constituted an admission that he had sent them (see Ando v Woodberry, 8 NY2d 165, 168 [1960]). County Court was entitled to rely upon the People's representation during the hearing that the proffered letters had been provided to prosecutors and led to those charges, particularly given defendant's failure to deny that he had authored the letters or that they were not the ones he had sent (see Matter of Shearer, 94 AD3d 128, 134-135 [2012]). We are therefore satisfied that "a reasonable person would deem [the letters] trustworthy" under these circumstances and that they were properly considered by County Court, notwithstanding the absence of additional evidence to establish their authenticity (People v Mingo, 12 NY3d 563, 574 [2009]; see People v Gauthier, 100 AD3d 1223, 1224 [2012]). Inasmuch as those letters reveal defendant's ardent desire to resume an improper relationship with one of his victims and that a high likelihood of reoffense exists that was not adequately addressed in the presumptive risk classification, we perceive no abuse of discretion in County Court's classification of defendant as a risk level three sex offender (see People v Lesch, 38 AD3d 1129, 1130 [2007], lv denied 8 NY3d 816 [2007]).

Peters, P.J., Rose and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.