## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: March 26, 2015        517195
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                   Respondent,

      v                                   MEMORANDUM AND ORDER

JOSHUA BARNEY,
                   Appellant.
_____


Calendar Date: February 9, 2015

Before: Lahtinen, J.P., McCarthy, Egan Jr. and Clark, JJ.

_____


     Martin J. McGuinness, Saratoga Springs, for appellant.

     Glenn MacNeill, Acting District Attorney, Malone, for respondent.

_____


McCarthy, J.

     Appeal from an order of the County Court of Franklin County (Main Jr., J.), entered June 26, 2013, which classified defendant as a risk level III sex offender and a sexually violent offender pursuant to the Sex Offender Registration Act.

     Defendant was charged in two indictments with rape in the first degree, rape in the second degree (two counts) and rape in the third degree, stemming from his sexual contact with two girls, aged 14 and 16. He pleaded guilty to attempted rape in the first degree in full satisfaction of the charges and was sentenced to 3½ years in prison with 15 years of postrelease supervision. The Board of Examiners of Sex Offenders prepared a risk assessment instrument that presumptively classified defendant as a risk level III sex offender (135 points) and a

sexually violent offender in accordance with the Sex Offender Registration Act (see Correction Law art 6-C). Following a hearing, County Court reduced defendant's total risk factor score to 115 points, still within the presumptive risk level III classification. The court also classified defendant as a sexually violent offender. Defendant now appeals.

We affirm. Defendant's sole contention on appeal is that he was improperly assessed 30 points under risk factor 9 for the same conduct that he had been assessed 10 points under risk factor 8. We disagree. Both risk factors relate to an offender's criminal history. Offenders are assessed 10 points under risk factor 8 if they were 20 years old or younger at the time of their first sex crime (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 13 [2006]). The basis for points being assessed in this category is that "[t]he offender's age at the commission of his [or her] first sex crime . . . is a factor associated with recidivism: those who offend at a young age are more prone to reoffend" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 13 [2006]). Regarding risk factor 9, as relevant here, an offender is assessed 30 points for a prior conviction or adjudication for a prior violent felony, misdemeanor sex crime or endangering the welfare of a child. According to the Risk Assessment Guidelines, "[a]n offender's prior criminal history is significantly related to his [or her] likelihood of sexual recidivism, particularly when his [or her] past includes violent crimes or sex offenses" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 13 [2006]). In our view, the age of offenders at the time of their first sex crime and whether they have a criminal history that includes violent crimes or sex offenses are not duplicative factors resulting in the assessment of points for the same conduct, but, rather, are cumulative predictors of the likelihood of reoffense (see People v Pietarniello, 53 AD3d 475, 476-477 [2008], lv denied 11 NY3d 707 [2008]; but see People v Wilbert, 35 AD3d 1220, 1221 [2006]). Accordingly, County Court did not err in assessing points under risk factors 8 and 9 for the same underlying offense.

Lahtinen, J.P., Egan Jr. and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court