Egan Jr., J.P.
Appeals from two orders of the County Court of Cortland County (Campbell, J.), entered May 5, 2014, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
On February 14, 2013, defendant pleaded guilty to two crimes stemming from sex offenses committed against two 15-year-old girls on separate dates in 2012. Specifically, defendant pleaded guilty to rape in the third degree in full satisfaction of a three-count indictment (hereinafter the first indictment) and thereafter was sentenced as a second felony offender to a prison term of two years followed by five years of postrelease supervision. That same day, defendant also pleaded guilty to sexual misconduct in full satisfaction of a five-count indictment (hereinafter the second indictment) and was sentenced to one year in the local jail — said sentence to run concurrently with the sentence imposed under the first indictment.
In anticipation of defendant’s release from prison, the Board of Examiners of Sex Offenders prepared separate — albeit identical — risk assessment instruments (hereinafter RAI) and case summaries in which defendant was assessed 130 points and presumptively classified as a risk level three sex offender. Following a combined hearing, County Court assessed an ad *1280 ditional 20 points under risk factor 3 for number of victims— resulting in a total score of 150 points — and denied defendant’s request for a downward departure. County Court thereafter issued separate orders — one for each conviction — classifying defendant as a risk level three sex offender. These appeals by defendant ensued.
Defendant initially contends that County Court improperly assessed an additional 20 points under risk factor 3 (number of victims), as there was only one victim encompassed by each separately resolved indictment. We agree. Risk factor 3 “focuses upon the number of people whom the offender victimized in the case (or cases) that ultimately resulted in the instant conviction” (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006] [emphasis added]). Although defendant indeed entered his guilty pleas to the subject indictments on the same day, the indictments charged defendant with separate and unrelated crimes, and each of defendant’s resulting convictions involved only one victim.
“[T]he guidelines further specify that the current offense portion of an RAI must be completed only ‘on the basis of all of the crimes that were part of the instant disposition’ ” (People v Carpenter, 63 AD3d 1320, 1322 [2009], lv denied 13 NY3d 704 [2009], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]). “[0]ther concurrent offenses that are not part of a single disposition are more properly considered as factors that may provide a basis for upward departure from a presumptive risk level” (People v Carpenter, 63 AD3d at 1322; see People v Gauthier, 100 AD3d 1223, 1224-1225 [2012]; People v Stacconi, 81 AD3d 1046, 1047 [2011]). Here, inasmuch as defendant’s respective guilty pleas were not part of a single disposition disposing of both indictments, such pleas should not have been considered in combination for purposes of scoring the current offense section of the RAIs. Hence, County Court should not have combined the victims from the respective convictions in order to assess defendant an additional 20 points for perpetrating crimes against two victims.* Deducting those 20 points from each RAI, however, leaves defendant with a score of 130 points, which still classifies him as a risk level three sex offender.
Defendant also contends that he improperly was scored 20 points under both risk factor 5 (age of victim) and risk factor 6 *1281 (other victim characteristics) — contending that this constitutes impermissible double counting. Here, the People established by clear and convincing evidence that the 15-year-old victim encompassed by the second indictment was asleep at the start of the incident and, therefore, was physically helpless. “[A]s the victim’s physical helplessness was not the result of, or in any way connected with, her age, assessing points in both categories did not constitute impermissible double counting” for purposes of the second indictment (People v Caban, 61 AD3d 834, 835 [2009], lv denied 13 NY3d 702 [2009]; see People v Smith, 144 AD3d 652, 653 [2016], lv denied 28 NY3d 915 [2017]; People v Davis, 51 AD3d 442, 442 [2008], lv denied 11 NY3d 703 [2008]). However, defendant correctly argues — and the People concede in their brief — that there is no indication that the victim encompassed by the first indictment was asleep at the start of that incident or otherwise was physically helpless. Absent such proof, defendant should not have been assessed 20 points under risk factor 6 with respect to the first indictment. Deducting those 20 points from the relevant RAI leaves defendant with a score of 110 points, which — again— still classifies him as a risk level three sex offender.
Defendant next argues that he erroneously was assessed 30 points under risk factor 9 (number and nature of prior crimes) for the same conduct for which he was assessed 10 points under risk factor 8 (age at first sex crime) based upon his 2007 conviction of endangering the welfare of a child — at which time defendant was 19 years old. We disagree. As this Court previously has observed, “the age of offenders at the time of their first sex crime and whether they have a criminal history that includes . . . sex offenses are not duplicative factors resulting in the assessment of points for the same conduct, but, rather, are cumulative predictors of the likelihood of reoffense” (People v Barney, 126 AD3d 1245, 1246 [2015], lv denied 25 NY3d 912 [2015]; see People v Pietarniello, 53 AD3d 475, 476-477 [2008], lv denied 11 NY3d 707 [2008]). More to the point, “[u]nder the [Sex Offender Registration Act] guidelines, endangering the welfare of a child is considered a sex crime ‘because it generally involves sexual misconduct, especially when it is part of a plea bargained disposition’ ” (People v Davis, 139 AD3d 1226, 1227 [2016], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 14 [2016]; see People v Sincerbeaux, 27 NY3d 683, 689 [2016]). Although defendant is correct in noting that the risk assessment guidelines specifically treat endangering the welfare of a child as a sex crime under risk factor 9 but make no similar reference to that particular offense under risk factor 8, we do not view the noted *1282 distinction as dispositive — particularly given that both factors relate to the likelihood of recidivism.
Finally, we do not find that County Court abused its discretion in denying defendant’s request for a downward departure. Initially, inasmuch as defendant’s hearing was held and the resulting orders were entered prior to the Court of Appeals’ decision in People v Gillotti (23 NY3d 841 [2014]), County Court did not err in applying the clear and convincing evidence standard to defendant’s request for a downward departure. In any event, we are satisfied that, even applying the burden of proof adopted in Gillotti, defendant “did not demonstrate, by a preponderance of the evidence, the existence of mitigating factors not adequately taken into consideration by the risk assessment guidelines so as to warrant a downward departure” (People v Graziano, 140 AD3d 1541, 1542 [2016], lv denied 28 NY3d 909 [2016]). Accordingly, County Court’s orders are affirmed.
Lynch, Rose, Clark and Mulvey, JJ., concur.
Ordered that the orders are affirmed, without costs.

 To the extent that the record suggests that the People submitted a single, combined RAI to County Court encompassing both convictions, this would be error for the reasons previously discussed (see People v Carpenter, 63 AD3d at 1321-1322).