People v George (2019 NY Slip Op 07966)





People v George


2019 NY Slip Op 07966


Decided on November 07, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 07, 2019

526288

[*1]The People of the State of New York, Respondent,
v
Raymond C. George, Appellant.

Calendar Date: October 10, 2019

Before: Egan Jr., J.P., Clark, Mulvey and Devine, JJ.


Thomas F. Garner, Middleburgh, for appellant.
Susan J. Mallery, District Attorney, Schoharie (Michael L. Breen of counsel), for respondent.



Mulvey, J.
Appeal from an order of the County Court of Schoharie County (Bartlett III, J.), entered October 2, 2017, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In full satisfaction of a 363-count indictment, defendant pleaded guilty to attempted rape in the first degree, rape in the second degree (two counts) and criminal sale of marihuana in the second degree (three counts) and was sentenced as a second felony offender to a term of imprisonment. As defendant's release date neared, the Board of Examiners of Sex Offenders prepared a risk assessment instrument that presumptively classified defendant as a risk level three sex offender (150 points). Following a hearing, County Court classified defendant as a risk level three sex offender, prompting this appeal.
Although defendant challenges the specific points assessed under risk factors 1, 2, 4, 8, 9 and 11, we find his arguments to be unpersuasive.[FN1] "The People must establish the proper risk level classification by clear and convincing evidence, which may include reliable hearsay such as the risk assessment instrument, case summary, presentence investigation report and statements provided by the victim to police" (People v Alexander, 170 AD3d 1382, 1384 [2019] [internal quotation marks and citations omitted], lv denied 33 NY3d 912 [2019]; accord People v LaShomb, 161 AD3d 1465, 1466 [2018]). Given the age of defendant's victims, his relationship to them and the "position of trust and authority within [their] family," and being mindful that "forcible compulsion is not synonymous with violence" and, therefore, requires "neither physical injury nor screaming or crying out" (People v Hartle, 159 AD3d 1149, 1152 [2018] [internal quotation marks and citations omitted], lv denied 31 NY3d 1082 [2018]), we are satisfied that the record as a whole supports the assessment of 10 points under risk factor 1 (use of violence). We reach a similar conclusion as to risk factors 2 (sexual contact with victims) and 4 (duration of offense), as defendant's statement to the Board (as set forth in the case summary) and other information contained in the record demonstrates that defendant engaged in a continuing course of sexual contact, including sexual intercourse (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]; compare People v Hinson, 170 AD3d 1385, 1387 [2019]).
As for defendant's challenges to the points assessed under risk factors 8 (age at first sex crime) and 9 (number and nature of prior crimes), the record reflects that defendant was convicted of sexual misconduct when he was 19 years old. Although sexual misconduct indeed is a class A misdemeanor (see Penal Law § 130.20), such conviction nonetheless constitutes a conviction of a sex crime for purposes of defendant's risk level classification (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary § II; at 13 [2006]). Hence, defendant was properly assessed 10 points under risk factor 8. Contrary to defendant's argument, risk factor 9 does not require a conviction for a prior violent sex crime; rather, 30 points may be assessed under this risk factor for a conviction of, insofar as is relevant here, "a violent felony, a misdemeanor sex crime, or endangering the welfare of a child, or any adjudication for a sex offense" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary § II; at 13 [2006]). As defendant previously was convicted of both a violent felony (attempted assault in the second degree) (see Penal Law § 70.02 [1] [c]) and a sex crime (sexual misconduct), the points assessed under this risk factor were entirely warranted (see generally People v Barney, 126 AD3d 1245, 1246 [2015], lv denied 25 NY3d 912 [2015]). With respect to risk factor 11 (history of drug or alcohol abuse), despite defendant's claimed sobriety, the record reflects that defendant was, by his own admission, smoking marihuana with the victims at the time of the underlying crimes and had a history of participation in substance abuse treatment programs — with mixed results (see People v Secor, 171 AD3d 1314, 1315 [2019]; People v LaShomb, 161 AD3d at 1467).
Finally, any assertion that defendant was promised a risk level one classification as part of the underlying plea agreement is belied by the record. Defendant's remaining contentions, to the extent that they are properly before us, have been examined and found to be lacking in merit.
Egan Jr., J.P., Clark and Devine, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: To the extent that defendant references risk factor 10 in his brief, the risk assessment instrument reveals that the Board and County Court did not assess any points under this risk factor.