People v Murgo (2020 NY Slip Op 04194)





People v Murgo


2020 NY Slip Op 04194


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-01400

[*1]People of State of New York, respondent,
v
Ronald Murgo, appellant.


Riebling, Proto & Sachs, LLP, White Plains, NY (Andrew J. Proto of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and Jessica Coalter of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Barry Kron, J.), dated December 19, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 2009, the defendant was convicted, upon his plea of guilty, of rape in the first degree for conduct he committed in 1996. In that case, the defendant allegedly entered the home of a stranger, tied her up in her own bed, placed a pillow over her face, threatened to kill her, and raped her. At a hearing to determine the defendant's risk level pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court determined that the defendant was a presumptive level one sex offender. However, the court granted the People's application for an upward departure based upon, inter alia, convictions relating to conduct that occurred after the 1996 rape, which were not accounted for by the risk assessment instrument, and designated the defendant a level three sex offender. The defendant appeals.
A departure from the presumptive risk level is generally the exception, not the rule (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). Where the People seek an upward departure, they must identify an aggravating factor that tends to establish a higher likelihood of reoffense or danger to the community not adequately taken into account by the Guidelines, and prove the facts in support of the aggravating factor by clear and convincing evidence (see People v Gillotti, 23 NY3d 841, 861; People v Smith, 158 AD3d 654, 655; Guidelines at 4).
Here, the People established, by clear and convincing evidence, that the defendant's criminal conduct that occurred after the 1996 rape but prior to the defendant's 2009 conviction for that offense constituted an aggravating factor not adequately taken into account by the Guidelines and the risk assessment instrument, warranting an upward departure (see People v Amorin, 164 AD3d 1483, 1483-1484; People v Ginyard, 161 AD3d 906, 906). Specifically, the defendant pleaded guilty to attempted sexual abuse in the first degree in connection with a 1998 incident in which he approached a woman who was carrying her child, grabbed her breast, and knocked her to [*2]the ground. The defendant was designated a level two sex offender as a result of the 1998 incident. Additionally, the defendant pleaded guilty to assault in the third degree in connection with a 1999 incident in which he approached a woman who was a stranger to him in a parking garage, ripped off her tank top, and touched her breasts. The defendant fled the scene when the victim screamed and neighbors responded. Under these circumstances, we agree with the Supreme Court's determination to upwardly depart from the presumptive risk level to level three.
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court