People v Greer (2020 NY Slip Op 04601)





People v Greer


2020 NY Slip Op 04601


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.


2017-10080

[*1]People of State of New York, respondent, 
v
David Greer, appellant.


Paul Skip Laisure, New York, NY (Hannah Zhao of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and William H. Branigan of counsel; Victoria Randall on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Gia Morris, J.), dated August 9, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of attempted course of sexual conduct against a child in the second degree. After a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), and upon granting the People's application for an upward departure from the defendant's presumptive level one risk designation, the Supreme Court designated the defendant a level two sex offender.
Once the presumptive risk level has been established at a risk level hearing, the court is permitted to depart from it if "special circumstances" warrant a departure (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). An upward departure is permitted only if the court concludes, upon clear and convincing evidence, that there exists an aggravating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines (see Guidelines at 4; People v Gillotti, 23 NY3d 841, 861; People v Sandy, 173 AD3d 915).
Here, contrary to the defendant's contention, the Supreme Court properly determined that the People presented clear and convincing evidence of an aggravating factor not adequately taken into account by the Guidelines, namely, his commission of a subsequent offense (see People v Celleri, 138 AD3d 708; see also People v Gauthier, 100 AD3d 1223, 1225-1226). Upon making such a determination, the court did not improvidently exercise its discretion in granting the People's application for an upward departure (see People v Gillotti, 23 NY3d at 861; People v Gauthier, 100 AD3d at 1225-1226).
SCHEINKMAN, P.J., BALKIN, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court