People v Barnes (2020 NY Slip Op 07602)





People v Barnes


2020 NY Slip Op 07602


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-07513
2019-07514

[*1]People of State of New York, respondent, 
v
Eric Barnes, appellant.


Janet E. Sabel, New York, NY (Paul Wiener of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and William H.
Branigan of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two orders of the Supreme Court, Queens County (Robert Charles Kohm, J.), both dated August 10, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the orders are affirmed, without costs or disbursements.
In 1984, the defendant was convicted of rape in the first degree, sodomy in the first degree, attempted sodomy in the first degree, burglary in the first degree, and robbery in the first degree, under Indictment No. 2930/83, and rape in the first degree (two counts), sodomy in the first degree, burglary in the first degree, and robbery in the first degree (two counts), under Indictment No. 2931/83, upon jury verdicts (see People v Barnes, 124 AD2d 588). The convictions were based upon incidents, two months apart, in which the defendant held young women by knife point, committed acts of sexual violence against them, and took money from them before leaving. In both incidents, the defendant had entered the apartment through a window after watching the respective victim or victims for some time.
In anticipation of the defendant's release from prison in 2017, the Supreme Court conducted a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]). In connection with the defendant's convictions under Indictment No. 2930/83, the court assessed the defendant 85 points, and in connection with the convictions under Indictment No. 2931/83, the court assessed the defendant 105 points, both within the range for a presumptive designation as a level two sex offender. The court granted the People's request for an upward departure, and designated the defendant a level three sex offender. The defendant challenges the grant of the People's request for an upward departure.
Where the People seek an upward departure from the presumptive risk level, the court must determine whether the aggravating circumstances alleged to show a higher likelihood that the defendant will reoffend are, as a matter of law, of a kind or to a degree not adequately taken into account by the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006) (hereinafter SORA Guidelines), and whether the People adduced sufficient evidence to prove by clear and convincing evidence the existence of those aggravating circumstances (see Correction Law [*2]§ 168-n[3]; People v Gillotti, 23 NY3d 841, 861-862). When the People have met this burden, the court must then "exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism" (People v Gillotti, 23 NY3d at 861).
Here, the People presented clear and convincing evidence that the defendant's convictions under the concurrent indictments constituted aggravating circumstances of a kind not adequately taken into account by the SORA Guidelines (see People v Scott, 172 AD3d 766; People v Davis, 166 AD3d 820, 821; People v Ginyard, 161 AD3d 906; People v Amin, 128 AD3d 785, 786). Further, the totality of the circumstances warranted an upward departure to avoid an under-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Amin, 128 AD3d at 786). Accordingly, we agree with the Supreme Court's determination designating the defendant a level three sex offender.
RIVERA, J.P., BARROS, CONNOLLY, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court