People v Berndt (2021 NY Slip Op 04157)





People v Berndt


2021 NY Slip Op 04157


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2019-12798

[*1]The People of the State of New York, respondent,
v
Brendon Berndt, appellant.


Scott M. Bishop, White Plains, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Jill Oziemblewski and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated September 24, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of sexual abuse in the first degree. While incarcerated on that conviction, the defendant was convicted, upon his plea of guilty, of conspiracy in the second degree, after he attempted to arrange for the murder of the victim of his sexual abuse crime. In anticipation of the defendant's release from prison, a hearing was held to determine his risk level designation pursuant to the Sex Offender Registration Act (Correction Law article 6-C; hereinafter SORA) in relation to his conviction of sexual abuse in the first degree (see Correction Law §§ 168-a[2], 168-n). At the hearing, the People established that the defendant's presumptive risk level calculated from aggregating the risk factors pursuant to the SORA: Risk Assessment Guidelines and Commentary (2006) (hereinafter the Guidelines) would be a level two. The People sought an upward departure from the presumptive risk level on the basis of the defendant's conviction of conspiracy in the second degree. The Supreme Court granted the People's application and designated the defendant a level three sex offender. The defendant appeals, contending that the court erred in granting the upward departure.
In a SORA proceeding, when a party seeks to depart from the presumptive risk level indicated by the factor score calculated pursuant to the Guidelines, the court "must follow three analytical steps to determine whether or not to order a departure from the presumptive risk level . . . At the first step, the court must decide whether the aggravating or mitigating circumstances alleged . . . are, as a matter of law, of a kind or to a degree not adequately taken into account by the guidelines" (People v Gillotti, 23 NY3d 841, 861; see Guidelines at 4). "At the second step, the court must decide whether the party requesting the departure has adduced sufficient evidence to meet its burden of proof in establishing that the alleged aggravating or mitigating circumstances actually exist in the case at hand. If the party applying for a departure surmounts the first two steps, the law permits a departure, but the court still has discretion to refuse to depart or to grant a departure" (People v Gillotti, 23 NY3d at 861 [citations omitted]). "Thus, at the third step, the court must exercise its discretion by weighing the aggravating and mitigating factors to determine whether the [*2]totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism" (id. at 861).
Here, the People established by clear and convincing evidence (see Correction Law § 168-n[3]) the existence of an aggravating factor of a kind not adequately taken into account by the Guidelines, namely, the defendant's commission of a subsequent offense (see People v Greer, 186 AD3d 756, 757; People v Celleri, 138 AD3d 708). Further, the Supreme Court providently exercised its discretion in determining that the totality of the circumstances, including that the defendant attempted to have the victim of his sexual abuse crime murdered, warranted an upward departure from the presumptive risk assessment level (see People v Brown, 163 AD3d 727, 728; People v Nicholas P., 151 AD3d 500, 500-501). Accordingly, the defendant was properly designated a level three sex offender.
CHAMBERS, J.P., BRATHWAITE NELSON, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court