People v Samuels (2021 NY Slip Op 06641)





People v Samuels


2021 NY Slip Op 06641


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
DEBORAH A. DOWLING, JJ.


2017-13470
2017-13471

[*1]The People of the State of New York, respondent,
v
Craig Samuels, appellant.


Patricia Pazner, New York, NY (Anna Kou of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jean M. Joyce of counsel; Yael Golan on the brief), for respondent.



DECISION & ORDER
Appeals by the defendant from two orders of the Supreme Court, Kings County (Michael J. Brennan, J.), both dated November 15, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the orders are affirmed, without costs or disbursements.
In February 2001, the defendant was convicted, upon a jury verdict, of rape in the first degree under Indictment No. 8373/99 for an incident that took place in 1999. In March 2001, the defendant was convicted, upon his plea of guilty, of rape in the first degree (three counts), sodomy in the first degree (three counts), and other lesser offenses under Indictment No. 3437/00 for incidents that took place in 1997. The convictions under both indictments were based upon incidents in which the defendant committed acts of sexual violence against women by using physical force and, in one case, forcibly raping the victim at knifepoint.
In anticipation of the defendant's release from prison in December 2017, the Supreme Court conducted a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA). In connection with the defendant's conviction under Indictment No. 8783/99, the court assessed 100 points, resulting in a presumptive designation as a level two sex offender. However, the court granted the People's request for an upward departure and designated the defendant a level three sex offender, over the defendant's objection. In connection with the defendant's convictions under Indictment No. 3437/00, the court assessed 120 points, resulting in a presumptive level three sex offender designation. The court denied the defendant's request for a downward departure to a level two sex offender designation.
"A departure from the presumptive risk level is generally the exception, not the rule" (People v Murgo, 185 AD3d 974, 974), and "[w]here the People seek an upward departure, they must identify an aggravating factor that tends to establish a higher likelihood of reoffense or danger to the community not adequately taken into account by the Guidelines, and prove the facts in support of the aggravating factor by clear and convincing evidence" (id. at 974). If the People meet this burden, the court must then "'exercise its discretion by weighing the aggravating and [any] [*2]mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Barnes, 189 AD3d 1273, 1274, quoting People v Gillotti, 23 NY3d 841, 861; see People v Hightower, 197 AD3d 742; People v Kent, 175 AD3d 561, 563).
"A defendant seeking a downward departure from the presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v McKinney, 173 AD3d 1074, 1075, quoting People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, regarding Indictment No. 8373/99, the People presented clear and convincing evidence that the defendant's convictions under Indictment No. 3437/00 constituted aggravating circumstances of a kind not adequately taken into account by the Guidelines (see People v Belle, 193 AD3d 989, 990; People v Barnes, 189 AD3d at 1274). Further, the Supreme Court providently exercised its discretion in determining that the convictions under Indictment No. 3437/00, the sentences for which were served concurrently with the sentence imposed on the conviction under Indictment No. 8373/99, and the interests of public safety warranted an upward departure from the presumptive risk level to avoid an underassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Hightower, 197 AD3d at 743-744; People v Berndt, 195 AD3d 1051; People v Greer, 186 AD3d 756).
Regarding Indictment No. 3437/00, the defendant failed to demonstrate by a preponderance of the evidence that a downward departure from his presumptive risk level was warranted. Neither the defendant's purported "advanced age" of 61 at the time of the SORA hearing (see People v Rivas, 185 AD3d 740; People v Jimenez, 178 AD3d 1099, 1101) nor his scores on the alternate risk assessment instruments warranted a downward departure (see People v Rodriguez, 184 AD3d 588, 589). As far the defendant's age is concerned, he failed to demonstrate that it constituted an appropriate mitigating factor and minimized his risk of reoffense (see People v Mitchell, 196 AD3d 516, 518). In addition, he failed to proffer any medical evidence indicating that he was suffering from poor health or impaired sexual functioning such as would decrease the likelihood of reoffense (see id. at 518). To the extent the defendant contends that his obtaining a high school equivalency diploma and his completion of sex offender and alcohol and substance abuse treatment programs warranted a downward departure, they were already taken into account in the points assessment where the defendant is not assessed additional points for conduct while confined (see People v Leung, 191 AD3d 1023). Further, as regards the completion of treatment programs, the defendant did not present any evidence that his response to treatment was exceptional (see People v Desnoyers, 180 AD3d 1080, 1081).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
DILLON, J.P., MILLER, CONNOLLY, IANNACCI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court