■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH FULLER, Appellant. [932 NYS2d 911]—

McCarthy, J.

Defendant was convicted in Vermont of aggravated sexual assault of a child* stemming from his sexual abuse of his 11-year-old stepson. Following his release from prison, defendant's parole supervision was transferred to New York. Thereafter, County Court classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C). Defendant appeals.

County Court's assessment of 20 points in the category of unsatisfactory conduct with sexual misconduct while confined is supported by clear and convincing evidence (*see People v Mingo*, 12 NY3d 563, 571 [2009]; *People v Roberts*, 38 AD3d 1151, 1152 [2007], *lv denied* 9 NY3d 801 [2007]). The case summary states that in violation of correction facility rules, defendant assaulted

---

* In New York, this conviction is equivalent to criminal sexual act in the first degree (*see* Penal Law § 130.50).

another inmate with whom he had developed an emotional (but not physical) romantic relationship and also engaged in several incidents of sexual misconduct, including touching an inmate's chest and slapping the buttocks of another, all of which resulted in disciplinary action. Moreover, defendant admitted that, beginning in 2000, he engaged in multiple homosexual relationships while incarcerated, which, as noted in the case summary, are also against correction facility rules. Notwithstanding defendant's attempt to minimize such conduct, the record supports the assessment for unsatisfactory conduct with sexual misconduct while confined and the determination will not be disturbed (*see People v Salley*, 67 AD3d 525, 526 [2009], *lv denied* 14 NY3d 703 [2010]).

Peters, J.P., Spain, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.