Order, Supreme Court, New York County (Renee A. White, J.), entered on or about October 19, 2010, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The People met their burden of establishing, by clear and convincing evidence, risk factors bearing a sufficient total point score to support a level three sex offender adjudication. The court properly assessed 20 points for sexual misconduct while confined, based on defendant’s prison disciplinary record.
Defendant argues that since a disciplinary disposition may be based on a standard of substantial evidence, it does not satisfy *404 the requirement that risk factors be established under a standard of clear and convincing evidence. It is unnecessary to decide whether a disciplinary determination automatically provides clear and convincing evidence of the underlying facts, since in this case the totality of the information presented at the sex offender hearing, including defendant’s admissions to repeated instances of prohibited sexual activity in prison, amply supported this risk factor.
Defendant also argues that since his consensual sexual activity would have been lawful, as well as being constitutionally protected (see Lawrence v Texas, 539 US 558 [2003]), had it not occurred in a prison setting, it did not indicate a potential for unlawful sexual activity. However, the conduct at issue undisputedly violated prison rules, and “defendant’s inability to refrain from forbidden sexual conduct. . . was relevant to his potential for sexual recidivism” (People v Salley, 67 AD3d 525, 526 [1st Dept 2009], lv denied 14 NY3d 703 [2010]). Concur — Gonzalez, EJ., Mazzarelli, Renwick, Richter and Gische, JJ.