Appeal by the defendant from an order of the Supreme Court, Kings County (Shillingford, J.), dated November 15, 2013, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
 

 Ordered that the order is affirmed, without costs or disbursements.
 

 Contrary to the defendant’s contention, the Supreme Court properly assessed him 20 points under risk factor 13 for unsatisfactory conduct while confined involving sexual misconduct (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 16-17 [2006] [hereinafter the Guidelines]; People v LeGrand, 152 AD3d 722 [2017]). Although the defendant contends that he did not engage in sexual misconduct within the meaning of the Guidelines because his sexual activity with another inmate was consensual, it nevertheless violated prison disciplinary rules, and his “inability to refrain from forbidden sexual conduct . . . was relevant to his potential for sexual recidivism” (People v Salley, 67 AD3d 525, 525 [2009]; see People v Perry, 123 AD3d 528 [2014]; People v Perez, 104 AD3d 403, 404 [2013]; see also People v Fuller, 89 AD3d 1335, 1336 [2011]).
 

 The Supreme Court properly denied the defendant’s request for a downward departure to a risk level two designation. A defendant seeking a downward departure from his presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is not otherwise adequately taken into account by the Guidelines, and (2) establishing the facts in support of its existence by a preponderance of the evidence (see People v Gillotti, 23 NY3d 841, 861 [2014]; People v Anderson, 151 AD3d 767 [2017]; People v Wyatt, 89 AD3d 112, 128 [2011]). Although “advanced age” may constitute a basis for a downward departure (Guidelines at 5), the defendant, who was 49 years old at the time of the SORA determination, failed to establish the facts in support of that ground by a preponderance of the evidence (see People v Alvarez, 153 AD3d 645 [2017]; People v Garcia, 144 AD3d 650, 651 [2016]; People v Santiago, 137 AD3d 762, 764-765 [2016]). The remaining circumstances identified by the defendant did not constitute appropriate mitigating factors because they did not tend to establish a lower likelihood of reoffense, and/or were adequately taken into account by the Guidelines.
 

 Eng, P.J., Roman, Miller and Christopher, JJ., concur.