People v Williams (2023 NY Slip Op 02393)

People v Williams

2023 NY Slip Op 02393

Decided on May 04, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 04, 2023

Before: Manzanet-Daniels, J.P., Singh, Moulton, Rodriguez, Pitt-Burke, JJ. 

Ind No. 4283/12 Appeal No. 181 Case No. 2015-2073 

[*1]The People of the State of New York, Respondent,
v
Robert Williams, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Whitney Elliott of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (David Gagne of counsel), for respondent.

Order, Supreme Court, New York County (Edward J. McLaughlin, J.), entered on or about May 1, 2015, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court's assessment of 30 points under the risk factor for being armed with a dangerous instrument during the commission of the offense was supported by clear and convincing evidence, including the case summary and defendant's admissions at the time of his guilty plea to criminal possession of a weapon in the third degree and attempted sexual abuse in the first degree (see Correction Law § 168-n[3]; People v Pettigrew, 14 NY3d 406, 409 [2010]; People v Jack, 15 AD3d 270 [1st Dept 2005], lv denied 5 NY3d 708 [2005]). Defendant used a box cutter to slice open the sleeping victim's pants to facilitate the sex offense. Under the circumstances of its use, the box cutter was readily capable of causing serious injury, and defendant recklessly disregarded the potential for such injury. A dangerous instrument need not be used to coerce the victim or cause harm for the points to be properly assessed (see People v Tuitt, 175 AD3d 517, 518 [2d Dept 2019], lv denied 34 NY3d 909 [2020]).
The court providently exercised its discretion when it granted a downward departure to level two only, and we find no basis for a further departure to level one (see generally People v Gillotti, 23 NY3d 841, 861 [2014]). Defendant's successful completion of sex offender programming, his lack of a prison disciplinary record, and the fact that he had not committed any prior sex offenses were adequately taken into account by the risk assessment instrument (see e.g. People v Watson, 112 AD3d 501, 503 [1st Dept 2013], lv denied 22 NY2d 863 [2014]), and in any event were insufficient to warrant a further departure.
The court properly designated defendant a sexually violent offender because he was convicted of an enumerated offense, and it lacked discretion to refrain from doing so (see People v Talluto, 39 NY3d 306, 314-315 [2022]). Defendant's constitutional challenge to that mandatory designation is unavailing (see generally People v Knox, 12 NY3d 60, 68-69 [2009], cert denied 558 US 1011 [2009]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2023