People v Boubacar (2023 NY Slip Op 06218)

People v Boubacar

2023 NY Slip Op 06218

Decided on December 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2023

Before: Kern, J.P., Gesmer, Moulton, Kennedy, Higgitt, JJ. 

SCI No. 3294/16 Appeal No. 1140 Case No. 2020-01274 

[*1]The People of the State of New York, Respondent,
v
Barry Boubacar, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Robin Richardson of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Reva Grace Phillips of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about January 10, 2020, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion in declining a downward departure (see generally People v Gillotti, 23 NY3d 841, 861 [2014]). Defendant's completion of sex offender and drug and alcohol treatment programs, and the fact that he had not committed any prior violent or sex offense, were adequately accounted for by the risk assessment instrument (see People v Williams, 216 AD3d 438, 439 [1st Dept 2023], lv denied 40 NY3d 904 [2023]). Defendant's argument that the SORA guidelines were based on outdated studies is unpreserved, and we decline to address it in the interest of justice. The lengthy period of postrelease supervision imposed on defendant is not a "significant mitigating factor" (People v Lewis, 143 AD3d 604, 605 [1st Dept 2016], lv denied 28 NY3d 916 [2017]). In any event, the mitigating factors cited were outweighed by the seriousness of the underlying crime, in which defendant grabbed a female stranger off the street and raped her.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2023