People v Bryant (2024 NY Slip Op 00461)

People v Bryant

2024 NY Slip Op 00461

Decided on February 01, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 01, 2024

Before: Manzanet-Daniels, J.P., Kern, Scarpulla, Rosado, O'Neill Levy, JJ. 

Ind. No. 90118/05 Appeal No. 1569 Case No. 2021-01209 

[*1]The People of the State of New York, Respondent,
v
Jamaine Bryant, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Lorraine Maddalo of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Amir H. Khedmati of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about April 2, 2021, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court properly assessed 20 points for unsatisfactory conduct with sexual misconduct while confined. Although the sexual activity was allegedly consensual and occurred in the visitor room between defendant and his fiancÉe or girlfriend, the points were warranted because defendant's conduct violated prison disciplinary rules, and his "inability to refrain from forbidden sexual conduct . . . was relevant to his potential for sexual recidivism" (People v Perez, 104 AD3d 403, 404 [1st Dept 2013] [internal quotation marks omitted], lv denied 21 NY3d 858 [2013]; see 7 NYCRR 270.2[B][2][i]). In any event, even without those points, defendant remains a level three offender.
The court providently exercised its discretion in declining a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). Defendant's successful participation in a sex offender treatment program was adequately accounted for by the risk assessment instrument (see People v Williams, 216 AD3d 438, 439 [1st Dept 2023], lv denied 40 NY3d 904 [2023]). Defendant failed to establish that his participation in sex offender treatment was "exceptional" (see People v Alcantara, 154 AD3d 532, 532 [1st Dept 2017], lv denied 30 NY3d 908 [2018])or demonstrate how his family support would reduce his particular likelihood of reoffense or danger to the community (see People v Roman, 198 AD3d 425, 426 [1st Dept 2021]). Further, the mitigating factors were outweighed by the seriousness of the underlying crimes. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 1, 2024