People v Bevel (2024 NY Slip Op 00601)

People v Bevel

2024 NY Slip Op 00601

Decided on February 06, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 06, 2024

Before: Singh, J.P., Moulton, Gesmer, Mendez, Rodriguez, JJ. 

Ind. No. 2166/16 Appeal No. 1587 Case No. 2020-00438 

[*1]The People of the State of New York, Respondent,
v
Jeffrey Bevel, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Ashley A. Baxter of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Rachel Bond of counsel), for respondent.

Order, Supreme Court, New York County (Ruth Pickholz, J.), entered on or about September 19, 2019, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion in declining a downward departure (see generally People v Gillotti, 23 NY3d 841, 861 [2014]). Defendant's lack of a disciplinary record, completion of sex offender and substance abuse treatment programs, participation in vocational training, family support, and expressed remorse have been adequately taken into account by the risk assessment instrument (see People v Williams, 216 AD3d 438, 439 [1st Dept 2023], lv denied 40 NY3d 904 [2023]; People v Lopez, 215 AD3d 575 [1st Dept 2023], lv denied 40 NY3d 904 [2023]; People v Wright, 208 AD3d 1112 [1st Dept 2022], lv denied 39 NY3d 907 [2023]). Furthermore, defendant failed to establish that his response to sex offender treatment was so exceptional as to warrant a downward departure (see People v Alcantara, 154 AD3d 532 [1st Dept 2017], lv denied 30 NY3d 908 [2018]), or how his vocational training or family support reduced his particular likelihood of reoffense or danger to the community (Wright, 208 AD3d at 1112; People v Roman, 198 AD3d 425, 426 [1st Dept 2021]).
The impact that defendant's risk level three adjudication had on his housing opportunities does not qualify as a mitigating circumstance, as it has no bearing on his risk of reoffense or the threat he poses to public safety (see People v McFarland, 120 AD3d 1121, 1122 [1st Dept 2014], lv denied 24 NY3d 1053 [2014]). Defendant's contention that a risk level two determination is more appropriate because the additional restrictions under a level three designation do not increase public safety and his conduct was not as serious as that generally warranting a level three designation ignores his criminal history. Such criminal history includes prior convictions of attempted sexual abuse in the first degree and forcible touching, both committed against female strangers, and the former of which culminated in a risk level two sexually violent offender adjudication and provided the basis for an automatic override in this case (see People v Corian, 77 AD3d 590, 590 [1st Dept 2010], lv denied 16 NY3d 705 [2011]; People v Judd, 29 AD3d 431 [1st Dept 2006], lv denied 7 NY3d 709 [2006]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 6, 2024