People v Ortiz (2025 NY Slip Op 06660)

People v Ortiz

2025 NY Slip Op 06660

Decided on December 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 02, 2025

Before: Renwick, P.J., Scarpulla, Kapnick, Mendez, O'Neill Levy, JJ. 

SCI No. 1648/21|Appeal No. 5261|Case No. 2023-06281|

[*1]The People of the State of New York, Respondent,
v
Edwin Ortiz, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Alec Miran of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Mallory Phelps of counsel), for respondent.

Order, Supreme Court, New York County (Daniel P. Conviser, J.), entered on or about October 4, 2023, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion in declining a downward departure (see generally People v Gillotti,23 NY3d 841, 861 [2014]), and we perceive no basis to substitute our discretion and grant a downward departure to a level one adjudication. Defendant's successful completion of sex offender treatment and participation in substance abuse treatment, his lack of a prison disciplinary record, and the fact that he had not committed any prior sex offenses were adequately taken into account by the risk assessment instrument (see People v Bevel, 224 AD3d 430, 431 [1st Dept 2024], lv denied 42 NY3d 902 [2024]; People v Williams, 216 AD3d 438, 439 [1st Dept 2023], lv denied 40 NY3d 904 [2023]), and his participation in sex offender treatment while incarcerated was not so exceptional as to warrant a downward departure (see People v Alcantara, 154 AD3d 532, 532 [1st Dept 2017], lv denied 30 NY3d 908 [2018]). In any event, the alleged mitigating factors were outweighed by the serious nature of defendant's offense and his criminal history, and we note that defendant committed the instant offense while he was released on parole for a prior violent crime (see People v Martell, 235 AD3d 509, 510 [1st Dept 2025]; People v Rochford, 220 AD3d 546, 546 [1st Dept 2023], lv denied 41 NY3d 905 [2024]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2025